In the Matter of Robert J. JORDAN, and t/a Robert J. Jordan Builder, Robert Jordan, Builder, Debtor.

Robert J. JORDAN, Plaintiff,

v.

Joseph R. BORDA, Defendant.

Bankruptcy No. 80–0088.

United States Bankruptcy Court, D. New Jersey.

May 16, 1980.

Davis & Reberkenny, P. A., by Arthur J. Abramowitz, Cherry Hill, N. J., for plaintiff/debtor.

Jubanyik, Varbalow & Tedesco, Collingswood, N. J., by Michael D. Varbalow, Collingswood, N. J., for defendant.

## OPINION

RICHARD W. HILL, Bankruptcy Judge.

The debtor, Robert Jordan, filed a petition and plan under Chapter 13 of the Bankruptcy Code on December 27, 1979. Subsequently, the debtor filed a complaint against Joseph R. Borda, a judgment creditor, seeking, in substance, a declaration as to the rights between Jordan and Borda under the Code. All of the facts have been stipulated.

Robert Jordan and Joanna Jordan, his wife, took title to property commonly known as 21 West Broadway, Maple Shade, New Jersey, and hold same as tenants by the entirety, by virtue of a deed recorded on July 31, 1961 in Book 1479, Page 507, in the Burlington County Register of Deeds. The current value of the property is $46,-250.00. The property is subject to a first mortgage held by Burlington County Trust which reflects a balance in the amount of $19,849.47 as of December 27, 1979.

A judgment in favor of Borda was obtained against the debtor in arbitration and subsequently signed as an Order of the Court on April 18, 1979, in the amount of $48,000, pursuant to a suit instituted in the Superior Court of New Jersey, Law Division, Camden County. Said judgment was docketed on April 30, 1979, and bears docket numbers L–31001–78 and J–10665–78.

A writ of execution was issued by the Superior Court of New Jersey on August 7, 1979 and was received by the Sheriff of Burlington County on September 20, 1979. An actual levy on the real estate in question was made on October 16, 1979.

The questions in this case may be phrased as follows: May the levy be avoided under Section 547 of the Code? Does Borda's judgment and levy constitute a judicial lien which may be avoided under Section 522(f) of the Code? To the extent Borda holds a secured claim, how should it be valued? To the extent Borda holds a secured claim, may it be modified under Section 1322(b)(2) of the Code?

The Court is satisfied that Borda's levy may not be avoided under Section 547; that the judicial lien held by Borda can be partially avoided under Section 522(f); that the claim must be valued pursuant to Section 506 of the Code; and that the secured claim held by Borda may be modified pursuant to Section 1322(b).

## I. SECTION 547 OF THE CODE

■ Whether Borda holds a secured claim depends, initially, on whether his judgment, coupled with a levy, constitutes an avoidable transfer within the meaning of Section 547 of the Code.[1] To the extent that the debtor ever asserted that the judgment lien was subject to avoidance under Section 547, the claim apparently was withdrawn in his reply brief and during oral arguments. In any event, the Court is satisfied that any argument to that effect must fail.

A docketed judgment in the Superior Court, Law Division, constitutes a lien on the judgment debtor's New Jersey real estate from the date of entry. N.J.S.A. 2A:16–1. Such a judgment defeats a subsequent bona fide purchaser. See N.J.S.A. 46:22–1. Accordingly, within the meaning of Section 547(e)(1) and (2), the transfer in question occurred at the time the judgment was entered which was outside the 90 day period. In any event, the levy within the 90 day period relates back to the date the writ of execution was delivered to the Sheriff, which was outside the 90 days. *Matter of Blease,* 605 F.2d 97, 98 (3d Cir. 1978).

## II. APPLICATION OF SECTION 522(f) TO CHAPTER 13

■ Borda contends that Section 522(f) is inapplicable to cases under Chapter 13. The debtor asserts that it permits a partial avoidance of the Borda judgment. Section 103(a) of the Code provides that Chapters 1, 3 and 5 of the Code apply in a case under Chapter 7, 11 *or 13* (emphasis supplied) of Title 11, with one irrelevant exception. Clearly the debtor can utilize Section 522(f) in Chapter 13. Section 522(f)(1) permits the avoidance of a judicial lien to the extent it impairs an exemption. Pursuant to Section 522(d)(1), the debtor has claimed an exemption in the real property in question to the extent of $7500.[2] The Borda judgment effectively defeats and thus impairs the $7500 claimed exemption; thus Section 522(f) is applicable and permits the avoidance of the judgment lien to the extent of $7500.

## III. AMOUNT OF BORDA'S SECURED CLAIM

■ Section 506 of the Code provides for the division of allowed claims into secured claims and unsecured claims. The amount of the secured claim cannot exceed the value of the estate's interest in the security.[3]

The debtor asserts that the starting point for valuing Borda's claim is one-half of the equity remaining in the premises after deducting the amount due on the first mortgage, or $13,200.27.[4] This starting point is

---

1. A question exists whether the debtor in a Chapter 13 may utilize the avoiding powers given to the trustee. See *In re Norman Carter, Jr., et al.,* 2 B.R. 321 (Bkrtcy.Colo.1980). The parties have neither briefed nor argued this issue. In view of the Court's disposition on the merits of the argument, this issue is not addressed. See, however, Section 522(h) of the Code.

2. For some reason the debtor has not claimed an exemption pursuant to 11 U.S.C. Section 522(d)(5), but may amend his Chapter 13 statement to assert such an exemption.

3. The secured claim is further limited by the value of the creditor's interest in the security.

4. Computed as follows:

| | |
|---|---|
| Fair market value of entire property: | $46,250.00 |
| Amount due 1st mortgagee: | −19,849.47 |
| Equity: | $26,400.53 |
| One-half equity: | $13,200.27 |

the same that would be generated if the entire fee (the interest of both spouses) were sold pursuant to a partition sale or pursuant to a sale under Section 363(h) of the Code. Borda contends, on the other hand, that because this is a tenancy by the entirety, and since he could succeed to the debtor's right of survivorship, that the whole equity, or $26,400.53, should be considered in valuing his secured claim. These two proposals do not exhaust the possibilities or limit the Court in other cases, but for the purpose of the decision in this case, only these alternatives will be considered.

The starting point for valuing Borda's claim should be an understanding of exactly what he has without, for the moment, a consideration of the bankruptcy, particularly Sections 522(f) and 363(h). Borda has a lien on one spouse's interest in residential property held by a husband and wife as tenants by the entirety. Under New Jersey law, such a judgment creditor may cause the interest of the debtor spouse to be levied upon and sold at a judicial sale. *King v. Greene*, 30 N.J. 395, 412, 153 A.2d 49 (1959). The purchaser at such a judicial sale would acquire both the judgment debtor's right of survivorship and the debtor's interest as tenant in common with the non-debtor spouse, for the joint lives of the spouses. *Newman v. Chase*, 70 N.J. 254, 260, 359 A.2d 474. In the usual case involving residential property, the purchaser at the sale may cause neither a physical partition of the property nor a partition by sale of the life estate. The creditor may, however, collect from the non-debtor spouse one-half of the imputed rental value of the property, but must give credit to the non-debtor spouse for his share of certain charges against the property such as mortgage payments, taxes, insurance and repairs. *New-*

man v. Chase, supra.[5] Clearly the creditor of one spouse may not defeat the non-debtor spouse's right of survivorship. *King v. Greene, supra.*

Viewed from this perspective, Borda's proposal for utilization of all the equity in fixing the amount of the secured claim makes no sense. It would give to Borda presently more than he could obtain by enforcing his state law rights. Even the debtor's proposal appears generous by state law standards because its premise gives credit to Borda for what would be available if the entire fee were partitioned—a remedy not allowed under *Newman v. Chase.*

The Court is satisfied that under the facts of this case, the method of valuation proposed by the debtor is more appropriate than that of Borda. Its theoretical underpinning is more beneficial to the creditor than that permitted by the Supreme Court of New Jersey in *Newman v. Chase, supra.* Of further significance, however, it comports with what creditors could expect to receive in the event of a liquidation under Chapter 7 of the Code. Section 363(h) of the Code would, in effect, permit the Court to conduct a partition sale of both the estate's and co-owner's interest in the property. Such a sale has the effect of dividing the equity between the husband and wife.

Applying the stipulated values and claim amounts in the instant case, together with Sections 522(f) of the Code results in according Borda a secured claim in the amount of $5,700.27 [6] and an unsecured claim in the amount of $42,299.73.[7]

## IV. *APPLICABILITY OF SECTION 1322 and SECTION 1325 TO THE CASE*

Section 1322(b) permits the modification of the rights of holders of secured

---

**5.** The sequel to the *Newman* case is interesting. On remand, the trial court was called upon to fix the rental to which the creditor was entitled, together with the charges to which the creditor's claim was subject. Over a 46-month period, the creditor was entitled to no payment and in fact was in a small deficit position.

**6.** Computed as follows:

| | |
|---|---|
| Fair market value of entire property: | $46,250.00 |
| Less: Amount due 1st mortgagee: | −19,849.47 |
| Equity: | $26,400.53 |

| | |
|---|---|
| One-half equity: | $13,200.27 |
| Less: Lien avoidance pursuant to Section 522(f) | − 7,500.00 |
| Amount of allowed secured claim: | $ 5,700.27 |

**7.** Presumably to this figure should be added interest on $48,000 from the date of judgment until the date of filing.

claims, other than a claim secured only by a security interest in the debtor's residence. Section 101(37) of the Code defines security interest to mean a "lien created by an agreement." A judicial lien, such as is held by Borda, is not a consensual lien. Thus, it is not a security interest, and, therefore, does not fall within the Section 1322 limitation. Accordingly, it would be lawful for the debtor to propose a plan that modified the rights of Borda as to both his secured and unsecured claims. Of course, any plan must meet the confirmation criteria of Section 1325 of the Code.

It is clear that the plan currently before the Court does not specifically deal with the Borda claims. The debtor will be allowed 20 days to file a modified plan.

Counsel for the debtor shall submit an Order consistent with this opinion, consented to as to form by Borda's attorney.