STATE CENTRAL CREDIT UNION, Plaintiff-Appellant,

v.

Bernadette BIGUS, alias, Defendant-Respondent.†

Court of Appeals

*No. 80–350. Submitted on briefs December 17, 1980.—Decided February 18, 1981.*
(Also reported in 304 N.W.2d 148.)

† Petition to review denied.

238

For the plaintiff-appellant, the cause was submitted on the briefs of *Kenneth G. Ogie* and *Roger T. Lambert*, of counsel, of Wauwatosa.

For the defendant-respondent, the cause was submitted on the brief of *Padway & Padway* and *Milton S. Padway*, of counsel, of Milwaukee.

Before Decker, C.J., Moser, P.J., and Cannon, J.

MOSER, P.J.   This is an appeal from an order satisfying a judgment in favor of State Central Credit Union (Central) against Bernadette Bigus (Bigus). The trial court's order was based on secs. 806.15(1) and 806.19(4), Stats.

The principal dates in this matter are as follows:

June 29, 1972: Central docketed its judgment against Bigus in Milwaukee county in the amount of $3,015.72 owed on a promissory note contract dated April 6, 1970.

November 4, 1977: Bigus filed a bankruptcy petition in the Federal District Court for the Eastern District of Wisconsin. That petition listed Central as a judgment creditor.

December 20, 1977: John J. Ottusch, trustee in bankruptcy, determined that Bigus' homestead located at

8538 West Lancaster Street, Milwaukee county, Wisconsin, was exempt in the amount of $25,000 pursuant to secs. 815.20 and 990.01(14), Stats.

February 16, 1978: Bigus received a discharge in bankruptcy.

May 15, 1978: Central petitioned for an order to have the sheriff execute its June 29, 1972, judgment against Bigus' real estate.

December 4, 1978: The trial court granted Central's petition to execute the June 29, 1972, judgment.

March 9, 1979: The trial court entered an order staying the sheriff's sale of Bigus' homestead.

March 14, 1979: Bigus moved to have Central's June 29, 1972, judgment declared null and void pursuant to secs. 806.15(1) and 806.19(4), Stats., and to permanently enjoin Central from instituting or continuing any action or employing any process to collect on the judgment on the basis that the bankruptcy discharge of February 16, 1978, relieved Bigus of any future payment on this judgment debt.

May 9, 1979: The trial court, in a memorandum decision, determined that the trustee in bankruptcy's $25,000 homestead exemption was not *res judicata* or binding on a later state court determination that $10,000 was the correct amount of the homestead exemption.

June 4, 1979: The trial court filed a supplemental memorandum decision in which it granted Bigus' motion to satisfy Central's June 29, 1972, judgment and any judgment lien resulting from that judgment pursuant to secs. 806.15(1) and 806.19(4), Stats., and denied Central's motion for execution and sheriff's sale.

November 30, 1979: The trial court signed and filed a written order satisfying Central's June 29, 1972, judgment against Bigus. Central appeals from this order.

The dispositive issue on this appeal is whether a satisfaction order entered on behalf of a discharged

bankrupt relieves the discharged bankrupt of the statutorily created *in rem* effects of a judgment when both the ownership of the property and the judgment predate the bankruptcy petition by more than four months.

## STATUTES INVOLVED

806.15 Lien of judgment; priority; statute may be suspended. (1) Every judgment, when properly docketed, and the docket gives the judgment debtor's place of abode and occupation, trade or profession shall, for 10 years from the date of the entry thereof, be a lien on the real property (except the homestead mentioned in s. 815.20) in the county where docketed, of every person against whom it is rendered and docketed, which the person has at the time of docketing or which the person acquires thereafter within said 10 years. A judgment based upon a claim discharged in bankruptcy shall upon entry of the order of satisfaction or discharge cease to be and shall not thereafter become a lien on any real property of the discharged person then owned or thereafter acquired.

806.19 Satisfaction of judgments.

. . . .

(4) Upon proper notice, any person who has secured a discharge in bankruptcy may apply to the court where any judgment rendered void by such order of discharge was entered, for an order to satisfy such judgment. If the court finds that such order of discharge in bankruptcy was duly obtained and that its effect is to render void the judgment sought to be satisfied, it shall declare such judgment to be satisfied and direct satisfaction thereof to be entered on the docket. The entry of such order of satisfaction of judgment shall bar any other action in the courts of this state against such bankrupt person based upon the judgment so satisfied.

Central argued that while the discharge in bankruptcy relieved Bigus of any *in personam* liability for her debts, it did not relieve Bigus' real estate from the *in rem* effects (created by sec. 806.15(1), Stats.) of Central's

judgment against Bigus. The trial court disagreed and determined that once Bigus made a proper application for relief from Central's judgment pursuant to sec. 806.-19(4) she was entitled to a satisfaction of that judgment, which satisfaction effectively destroyed the *in rem* effect of any prebankruptcy judgment.

Bankruptcy[1] and homestead[2] statutes are remedial legislation and, as such, are to be liberally construed in favor of the debtor. Lien statutes are also remedial in character but are designed to protect creditors from the nonpayment of claims.[3]

This case presents a problem of apparently conflicting remedial statutes. Section 806.15(1), Stats., (formerly sec. 270.79(1)), provides a judgment creditor with a lien against real property owned by the debtor in the county where the judgment is docketed. However, the last sentence of that subsection, added in 1957,[4] provides the limitation that, where a satisfaction order has been entered upon a claim discharged in bankruptcy, a judgment based upon that claim cannot "thereafter become a lien on any real property of the discharged person then owned or thereafter acquired." Section 806.19(4) (formerly sec. 270.91(2)) provides that a person discharged in bankruptcy can obtain a satisfaction of judgment order from the proper court upon application. That section also provides that the entry of the satisfaction order bars any other action based upon

---

[1] *Williams v. United States Fidelity and Guar. Co.*, 236 U.S. 549, 554–55 (1914); 3 Sutherland Statutory Construction §69.07 (4th ed. C. D. Sands ed. 1974).

[2] *Schwanz v. Teper*, 66 Wis.2d 157, 163, 223 N.W.2d 896, 899 (1974); 3 Sutherland, *supra* note 1, §69.06.

[3] *See R. Fredrick Redi-Mix, Inc. v. Thomson*, 96 Wis.2d 715, 726, 292 N.W.2d 648, 653–54 (1980); 3 Sutherland, *supra* note 1, §69.02.

[4] Ch. 572, Laws of 1957.

the judgment against the bankrupt person. Central argues that the specific reference to the "bankrupt person" only prohibits the institution of proceedings to collect debts as *personal liabilities* and does not affect the enforcement of a lien against property.

Central also claims that, although the last sentence of sec. 806.15(1), Stats., goes one step further and protects a discharged bankrupt's property, this provision should be read only to bar the imposition of a judgment lien on real property *subsequent* to a satisfaction order but not to affect a judgment lien in existence *prior to* the satisfaction order. In asserting this interpretation, Central relies on the language in the last sentence of sec. 806.15(1) "shall not *thereafter become a lien* on any property of the discharged person . . . ." [Emphasis added.] Bigus contrarily argues that secs. 806.19(4) and 806.15(1) should be read together to relieve a discharged bankrupt of both the *in personam* and the *in rem* effects of all prebankruptcy judgments. We agree with Central's analysis and accordingly reverse.

In construing a statute, the general object is to give effect to the intent reflected in the language and to give every word, clause and sentence in a statute a construction that would not render it surplus. Courts must look to the common sense meaning of the statute to avoid unreasonable and absurd results.[5] Where there is a conflict or inconsistency between two statutes on the same subject matter, it is the duty of the courts to construe the statutes in a manner that will harmonize them in order to give each full force and effect.[6]

[5] *Kania v. Airborne Freight Corp.*, 99 Wis.2d 746, 765–66, 300 N.W.2d 63, 71 (1981).

[6] *Glinski v. Sheldon*, 88 Wis.2d 509, 519, 276 N.W.2d 815, 820 (1979).

Although a clearer manifestation of legislative intent would have been immensely helpful in avoiding the interpretive problem we face here, we believe that Central's construction of these statutes best gives effect to all of the language and harmonizes the apparent inconsistency.

To read these sections, as Bigus urges, to mean that upon the entry of a satisfaction order all judgment liens against the bankrupt's property in the proper county, regardless of when they were obtained, become void and unenforceable would ignore the statement in sec. 806.15(1), Stats., that upon the entry of a satisfaction order a judgment cannot *"thereafter* become a lien." [Emphasis added.] Had Bigus' interpretation been intended, the last sentence of sec. 806.15(1) would probably have read: "All judgment liens are rendered void by the entry of a satisfaction order and cannot be enforced against any real property of the discharged person."

Further, Bigus' interpretation is not true to the language of sec. 806.19(4), Stats., and, in effect, rewrites the last sentence to read: The entry of such order of satisfaction of judgment shall bar any other action in the courts of this state against such bankrupt person *or his property* based upon the judgment so satisfied. We do not think it proper in this case to so rewrite the statute.

We interpret sec. 806.15(1), Stats., together with sec. 806.19(4) to mean that a judgment lien can be enforced *against the bankrupt's property if the judgment was obtained before a satisfaction order* is entered pursuant to sec. 806.19(4). This interpretation fairly protects claimants who took their claims to court before a bankruptcy discharge and obtained judgment liens against property in that county without frustrating the bankruptcy

goal of relieving the bankrupt of personal liability for such judgments. This interpretation also resolves the doubt regarding these provisions expressed by the Seventh Circuit in *Cameron v. Law:*

We are uncertain, in the absence of any legislative history, as to exactly what the Wisconsin legislature intended to accomplish by the provisions in question with regard to the extinguishment of judgment liens. If the intent was based upon the belief that the holder of a judgment lien irrespective of long holding is a second class lien claimant not entitled to the protection accorded in bankruptcy to other lien holders, such as mortgagees, then the statute fails to articulate that intent sufficiently to persuade us of the fact.[7]

Accordingly, we determine that although the satisfaction order precludes Central from executing its judgment against Bigus personally, it does not affect Central's judgment lien against Bigus' real estate in the judgment county. Central is entitled to execute its judgment against the real estate according to the laws of this state.

*By the Court.*—Order reversed.

---

[7] 538 F.2d 763, 764 (7th Cir. 1976).