In re Yvonne Kay GEIGER, Debtor.

Jerome A. GEIGER, Plaintiff,

v.

Yvonne Kay GEIGER, Defendant.

Bankruptcy No. 80–01772.
Adv. No. 81–0431.

United States Bankruptcy Court,
E. D. Wisconsin.

July 1, 1981.

Roger T. Lambert, Milwaukee, Wis., for plaintiff.

Debra S. Lozoff, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

D. E. IHLENFELDT, Bankruptcy Judge.

The parties to this proceeding, formerly husband and wife, were divorced in proceedings before the circuit court of Washington County. On April 3, 1980, the circuit court ordered Yvonne Geiger to pay Jerome Geiger the sum of $10,223, and as security awarded him a lien on real estate located in Germantown, Wisconsin. On July 28, 1980, Mrs. Geiger filed a petition for relief under chapter 7 of title 11 of the U. S. Code. A discharge in bankruptcy was granted to her on November 10, 1980. The trustee in bankruptcy has abandoned any interest he might have in the real estate.

On May 4, 1981, Geiger commenced this adversary proceeding asking that the $10,223 debt be declared nondischargeable pursuant to sections 523(a)(3) and 523(a)(5) of the Bankruptcy Code, and alternatively that in any event, whether or not the debt is discharged, his lien on the Germantown real estate be declared valid and enforceable. Mrs. Geiger filed her answer on June 22, 1981, and the case came before the court for hearing on June 30, 1981, the plaintiff appearing in person and by his attorney, Roger T. Lambert, and the defendant appearing by her attorney, Debra S. Lozoff.

The parties are in dispute as to whether or not the $10,223 debt was discharged, and there are issues of fact in that respect. However, if Geiger's lien remains valid and enforceable, whether or not the debt was discharged would become immaterial, since the Germantown real estate has sufficient value, upon foreclosure of the lien, to satisfy the debt in full. Geiger's attorney agrees that if the present validity of the lien is sustained, there is no need to decide the dischargeability questions, as he will look to the property to satisfy the debt.

There is no dispute as to the validity of the circuit court's order awarding the lien to Geiger on April 3, 1980. Assuming the debt was discharged, those lien rights nevertheless remain valid and enforceable. Under the provisions of section 506(d) of the Bankruptcy Code, liens pass through the bankruptcy case unaffected unless, on request of a party in interest, the bankruptcy court determines otherwise.[1] *State Central Credit Union v. Bigus*, 101 Wis.2d 237, 304 N.W.2d 148; *In re Krahn*, 10 B.R. 770, 7 BCD 767 (Bkrtcy. E.D. Wis. 1981). The case of *In re Williams*, 9 B.R. 228, 7 BCD 388 (Bkrtcy. Kan. 1981) holding to the contrary is not persuasive. Accordingly,

IT IS ORDERED that plaintiff's lien rights, as described above, are valid and enforceable.

---

1. "§ 506(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

   (1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title; or
   (2) such claim was disallowed only under section 502(e) of this title."

"Subsection (d) permits liens to pass through the bankruptcy case unaffected. However, if a party in interest requests the court to determine and allow or disallow the claim secured by the lien under section 502 and the claim is not allowed, then the lien is void to the extent that the claim is not allowed. The voiding provision does not apply to claims disallowed only under section 502(e), which requires disallowance of certain claims against the debtor by a codebtor, surety, or guarantor for contribution or reimbursement.

House Report 95–595, 95th Cong., 1st Sess. (1977) 357."