In the Matter of James T. ASPLUND and Sandra M. Asplund, Debtors.

Bankruptcy No. WM13–81–01514.

United States Bankruptcy Court, W. D. Wisconsin.

June 11, 1982.

---

William Chatterton, Ross & Chatterton, Madison, Wis., trustee.

Roy T. Traynor, Traynor Law Office, Wausau, Wis., for debtors.

Thomas Rusch, Rusch & Rusch, Medford, Wis., for creditor.

## MEMORANDUM DECISION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

James T. and Sandra M. Asplund own a house in joint tenancy in Marathon County, Wisconsin, with a fair market value of $225,000.00. On March 11, 1981, a judgment against Asplund for outstanding insurance premiums in the amount of $2,704.61 plus 12 percent per annum interest was docketed in Marathon County in favor of Towne and Country Insurance Agency. A levy of attachment on Asplund's real estate was subsequently executed by the Marathon County sheriff on August 21, 1981. The validity of the Wisconsin judicial lien is not at issue. Besides Towne and Country's judicial lien, this property is subject to two senior consensual liens. Farmers Home Administration has a mortgage on the real estate in the amount of $136,194.00 and Wisconsin Finance Corp. has a mortgage in the amount of $11,645.00.

On September 9, 1981, the Asplunds filed a joint petition for bankruptcy under chapter 13, listing Towne and Country as having an unsecured claim. Towne and Country objects to the unsecured classification and claims the judicial lien gives it secured status pursuant to 11 U.S.C. § 506(a). Because the Asplund plan does not provide for Towne and Country as a secured claim as required by 11 U.S.C. § 1325(a)(5), Towne and Country contends the plan cannot be confirmed.

Asplund argues that a judicial lien does not arise under a security agreement as defined by 11 U.S.C. § 101(36) nor is it a security interest defined by 11 U.S.C. § 101(37). Furthermore a judicial lien is not a statutory lien defined by 11 U.S.C. § 101(38). Relying on In Re Rowan, 15 B.R. 834, 8 B.C.D. 549, 553, 5 C.B.C.2d 1008, Bankr.L.Rep. (CCH) ¶ 68,513, at 80,233 (Bkrtcy.N.D.Ohio 1981) which states that a secured claim was either created by statute or agreement, the Asplunds contend that the plan need not treat the Towne and Country claim as secured.

To consider the arguments it is necessary to look at the principal definition involved. 11 U.S.C. § 506(a) describes a secured claim as:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property....

11 U.S.C. § 506(a)'s statutory language does not use any words of limitation as to the types of liens that are to be given a secured status. No mention is made of "security agreement", "security interest" or "statutory liens". Nor have most courts sought to impose limitations based on those defined terms.

In In Re Washington, 6 B.R. 226, 6 B.C.D. 1094 (Bkrtcy.E.D.Va.1980) the debtors in a case similar to the present one designated

the creditor as unsecured even though it possessed a judicial lien. The trustee took the position that the creditor's judgment constituted a lien on the real property of the estate and as such was a secured claim pursuant to 11 U.S.C. § 506(a). The *Washington* court agreed with the trustee and held:

> The debtors' argument that State Bank is an 'unsecured creditor' which happens to possess a 'judicial lien' against the debtors' real property . . . appears to be without foundation. 6 B.R. at 228, 6 B.C.D. at 1094 (footnote omitted).

*In Re Jordan*, 5 B.R. 59, 6 B.C.D. 630, 2 C.B.C.2d 635 (Bkrtcy.D.N.J.1980) again involved a factual situation similar to the present case. The debtors sought a declaration of the status of a judgment lienholder. The court implicitly made a broad reading of 11 U.S.C. § 506(a) and allowed the creditor secured status as to part of its judgment. Part of the creditor's judgment was relegated to unsecured status for other reasons.

Finally, *In Re Suppa*, 8 B.R. 720, [1978–1981 Transfer Binder] Bankr.L.Rep. (CCH) ¶ 67,901, at 78,768 (Bkrtcy.D.R.I.1981) involved a debtor seeking to avoid creditor's judicial lien through the use of 11 U.S.C. § 522(f). Relying on the description of a secured claim in 11 U.S.C. § 506(a) the court stated:

> I agree with the second contention of Washington Trust that the Capablos [the judgment lienholders] are only secured to the extent of Salvatories' [Suppa] interest in the property. 8 B.R. at 723, Bankr.L.Rep. at 78,711.

■ In the present case, 11 U.S.C. § 506(a) would be the appropriate basis for determining that Towne and Country's judicial lien causes its claim to be secured to the extent that the lien attaches to Asplund's real estate at the time the case was filed, subject, of course, to any powers to avoid the lien granted under Title 11 U.S.C. To the extent the judgment amount exceeds the value of the real estate after deducting all prior encumbrances which survive the bankruptcy filing, the claim is unsecured.

■ There is a further limitation on Towne and Country's secured status arising from Asplund's allowed exemption. Asplund has elected the $25,000.00 homestead exemption of Wis.Stat. § 815.20 pursuant to 11 U.S.C. § 522(b)(1). No objection was made to the exemption. "Under Section 522(f)(1) a debtor may avoid a judicial lien to the extent that it impairs an exemption that he has taken." (Footnote omitted.) *In Re Natale*, 5 B.R. 454, 457, 6 B.C.D. 784, 785, 2 C.B.C.2d 875, 878, [1978–1981 Transfer Binder] Bankr.L.Rep. ¶ 67,700, at 78,251, 78,252 (Bkrtcy.Pa.1980). The legislative history of 11 U.S.C. § 522(f) suggests that only the debtor's equity, to which the exemption applies, may be used when determining whether a lien can be avoided:

> Property may be exempt even if it is subject to a lien, but only the unencumbered portion of the property is to be considered in computing the 'value' of the property for the purposes of exemption. H.R. No. 595, 95th Congress, 1st Sess. 360–61 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5963, 6316.

Thus, the amount of equity Asplund has remaining after all consensual or unavoidable liens must be calculated to determine the value of the exemption. Only Mr. Asplund's share of the jointly held property should be considered because the Towne and Country judgment is against him alone.

From the record in this case the following calculation of net equity appears to be appropriate:[1]

| | |
|---|---|
| Fair Market Value | $225,000.00 |
| Less: FmHA Mortgage | −136,194.00 |
| Wisconsin Finance Mortgage | − 11,645.00 |
| Equity in joint property | 77,161.00 |
| Divide: Number of joint tenants (2) | ÷ 2 |
| Mr. Asplund's equity | 38,580.50 |
| Less: Exemption allowed (amount of avoidable liens) | − 25,000.00 |
| Net equity for judicial liens | 13,580.50 |

1. Formula discussed, *In Re Jordan*, 5 B.R. at 61 62, 6 B.C.D. at 631–32, 2 C.B.C.2d at 638, 639.

| Less: Liens prior to Towne and Country | – 0 |
| Property securing Towne and Country claim | $ 13,580.50 |

On the basis of this analysis it is apparent that the lien of Towne and Country's $2,704.61 judgment affects property of a value of $13,580.50 as of the date this bankruptcy case was filed. The claim is therefore fully secured, despite any claim of lien avoidance under 11 U.S.C. § 522(f).

Finally, there are two Wisconsin Statutes which on their face appear to affect the status of Towne and Country's judicial lien upon a discharge in bankruptcy.

1. Wis.Stat. § 806.15(1) (1979–80).

A judgment based upon a claim discharged in bankruptcy shall upon entry of the order of satisfaction or discharge cease to be and shall not thereafter become a lien on any real property of the discharged person then owned or thereafter acquired.

2. Wis.Stat. § 806.19(4) (1979–80).

Upon proper notice, any person who has secured a discharge in bankruptcy may apply to the court where any judgment rendered void by such order of discharge was entered, for an order to satisfy such judgment. If the court finds that such order of discharge in bankruptcy was duly obtained and that its effect is to render void the judgment sought to be satisfied, it shall declare such judgment to be satisfied and direct satisfaction thereof to be entered on the docket. The entry of such order of satisfaction of judgment shall bar any other action in the courts of this state against such bankrupt person based upon the judgment so satisfied.

The Wisconsin Court of Appeals in *State Central Credit Union v. Bigus*, 101 Wis.2d 237, 304 N.W.2d 148 (Ct.App.1981), ruled on the effect of Wis.Stats. §§ 806.15 and 806.-19 on a creditor's judicial lien after a bankruptcy discharge. The court concluded that while a discharge in bankruptcy relieved the debtor of any *in personam* liability for pre-bankruptcy debts, it did not relieve the debtor's real estate from the *in rem* effects (created by Wis.Stat. § 806.15(1)) of the creditor's pre-bankruptcy judgment lien.

We interpret sec. 806.15(1), Stats., together with sec. 806.19(4) to mean that a judgment lien can be enforced *against the bankrupt's property if the judgment was obtained before a satisfaction order* is entered pursuant to sec. 806.19(4). This interpretation fairly protects claimants who took their claims to court before a bankruptcy discharge and obtained judgment liens against property in that county without frustrating the bankruptcy goal of relieving the bankrupt of personal liability for such judgments. 101 Wis.2d at 243, 304 N.W.2d 148.

The Seventh Circuit in *Cameron v. Law*, 538 F.2d 763, 765 (7th Cir. 1976) also held that the *in rem* effects of a pre-bankruptcy Wisconsin judgment lien, continue after a bankruptcy discharge. Accordingly, Wis.Stats. §§ 806.15 and 806.19, upon Asplund's bankruptcy discharge, will only void Towne and Country's judgment as to Asplund's personal liability. The *in rem* effects of Towne and Country's judicial lien will not be nullified. *See also In re Geiger*, 12 B.R. 410, 411 (Bkrtcy.E.D.Wis.1981).

Upon the foregoing decision which constitutes my findings of fact and conclusions of law herein, it is

ORDERED that the debtors shall have 15 days in which to amend their chapter 13 plan to conform with the requirements of 11 U.S.C. § 1325(a)(5), and it is further

ORDERED that upon failure to amend as provided in the previous paragraph, this case shall be dismissed.