**In re Michael David JORDAN and Debra Kay Jordan a/k/a Debra Kay Wall, Debtors.**

**Bankruptcy No. 80–00257.**

United States Bankruptcy Court,
D. Hawaii.

Aug. 19, 1983.

**24**

Nicholas C. Dreher, Honolulu, Hawaii, for creditor.

Robert Gordon, Pearl City, Hawaii, for debtors.

Yee Hee, Honolulu, Hawaii, trustee.

## MEMORANDUM DECISION AND ORDER

JON J. CHINEN, Bankruptcy Judge.

On November 15, 1982, Michael David Jordan and Debra Kay Jordan a/k/a Debra Kay Wall, hereafter "Debtors", filed a Motion for Order to Show Cause, requesting General Motors Acceptance Corporation, hereafter "GMAC" or "Creditor", to justify its refusal to release title to a 1980 Toyota. The Debtors had purchased the automobile through GMAC on April 15, 1980.

This Court heard arguments on the issue regarding release of title on January 7, 1983. The Debtors contended that title to the car should have been signed over to them since they had paid GMAC $6,812.49, which represented the secured value of the 1980 Toyota at the time the Debtors filed bankruptcy. GMAC argued that it had filed a timely proof of claim for $8,990.88, which was not objected to by the Debtors or Trustee, and, therefore, title to the car should not be turned over until GMAC received the balance of $2,178.49. The Debtors, however, alleged that the $2,178.49 figure represents post petition interest which is not allowable since the security is insufficient to pay both the principal debt and interest.

The January 7th hearing was continued until January 21, 1983, at which time, the Court asked GMAC and the Debtors to submit memoranda by February 20, 1983 on the amount of security in the automobile. On February 16, 1983, GMAC filed a Memorandum in Opposition to Motion for Order to Show Cause.

On March 31, 1983, the Court heard arguments on the issue of whether interest should be paid on GMAC's claim before GMAC is required to release the automobile. The Court took the matter under advisement and asked the parties to submit supplemental memoranda by April 8, 1983. The Debtor filed a Supplemental Memorandum in Support of Order to Show Cause on April 8, 1983. Throughout these proceedings, Robert Gordon represented the Debtor and Nicholas Dreher represented GMAC. The Court, having considered the Memoranda, the records herein and the arguments of counsel, makes the following Findings of Fact, Conclusions of Law and Order.

## FINDINGS OF FACT

1. On May 6, 1980, the Debtors filed a petition for bankruptcy under Chapter 13.

The Debtors also filed a Chapter 13 Statement in which an $8,000.00 loan from GMAC was listed as a secured debt. The Debtor's Plan of Reorganization provided for repayment in full of all claims. On May 12, 1980, Yee Hee was named as Trustee in this case.

2. On June 2, 1980, GMAC filed a Proof of Claim in the amount of $8,990.88. In the Trustee's Reports of February 26, 1981 and March 14, 1981, GMAC's claim against the Debtors is listed at $8,990.88. In the Trustee's Report beginning April 11, 1981 and running through October 9, 1982, however, GMAC's claim against the Debtors is listed at $6,812.39. The $8,990.88 figure includes the outstanding principal on the secured loan and post petition interest. The $6,812.39 figure represents the secured value of the automobile at the time the Debtors filed bankruptcy.

3. The Debtors, through the Trustee, paid GMAC $6,812.39 over an eighteen month period in accordance with their plan or reorganization, but the Trustee then stopped further payment. In the instant hearings, Debtors have not refused payment of the difference between the amount paid and the claim of GMAC ($2,178.49), but have insisted that this portion constitutes the unsecured interest and should be placed in the category of general unsecured claims. GMAC, however, contends that its timely filing of a proof of claim for $8,990.88 which comprises the principal amount of $6,812.39 plus interest at the contract rate constitutes a valid claim to which there has been no objection.

4. The issues now before the Court are 1) whether the Trustee filed a valid objection to GMAC's claim, 2) whether GMAC's claim for $8,990.88 should be allowed, and 3) whether GMAC should release title of the automobile to the Debtors, prior to payment of the $2,178.49 in interest.

5. Section 501 outlines the procedure for filing proofs of claim. Section 501(a), in particular, allows a creditor to file a proof of claim, but states that it must be filed in a timely manner. GMAC filed its proofs of claim on June 2, 1982, less than a month after the Debtors filed their bankruptcy petition.

6. Section 502(a) of the Bankruptcy Code states:

A claim of interest, proof of which is filed under Section 501 of this title, is deemed allowed, unless a party in interest, . . ., objects.

7. Bankruptcy Rule 306 states in Sections (a)–(d):

(a) *Trustee's Duty to Examine and Object to Claims.* The trustee shall examine proofs of claim and object to the allowance of improper claims, unless no purpose would be served thereby.

(b) *Allowance When No Objection Made.* Subject to the provisions of subdivision (d) of this rule a claim filed in accordance with Rule 302, 303, or 304 shall be deemed allowed for the purpose of distribution unless objection is made by a party in interest.

(c) *Objection to Allowance.* An objection to the allowance of a claim for the purpose of distribution shall be in writing. A copy of the objection and at least 10 days' notice or, if the claim is for taxes, at least 30 days' notice of a hearing thereon shall be mailed or delivered to the claimant. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 701, the proceeding thereby becomes an adversary proceeding.

(d) *Secured Claims.* If a secured creditor files a proof of claim, the value of the security interest held by him as collateral for his claim shall be determined by the court, and the claim shall be allowed only to the extent it is enforceable for any excess of the claim over such value.

8. Wherever these Findings of Fact are Conclusions of Law, they are hereinafter incorporated as such.

## CONCLUSIONS OF LAW

1. GMAC filed a timely proof of claim for the amount of $8,990.88. The Debtors and the Trustee did not object to this claim as specified in Section 502(a) of the Bank-

ruptcy Code and Bankruptcy Rule 306. In fact, Debtors, in their Chapter 13 Statement, listed an $8,000.00 loan from GMAC as a secured debt.

2. A proof of claim which is filed pursuant to Section 501 is prima facie evidence of a claim unless an objection is made. The only action taken by the Debtor or the Trustee which might possibly be construed as an objection is the change in the listing of the figure owed GMAC in the Trustee's Report.

3. Although the Trustee did change the amount of the claim to be paid by the Debtors from $8,990.88 to $6,812.39 in the Trustee's Reports, a valid objection was not made. Bankruptcy Rule 306(c) requires that the Creditor receive written notice of an objection and that a hearing be held to determine the validity of the claim.

4. Since GMAC did not receive notice of an objection in writing to its claim or have the opportunity to prove the validity of its claim at a court hearing, GMAC has a valid claim for $8,990.88 as secured claim against the Debtor.

5. The remaining $2,178.49 must be paid to GMAC by the Debtors and therefore GMAC is justified in not releasing title of the 1980 Toyota to the Debtors until payment of said $2,178.49.

### ORDER

The Court hereby orders that until the remaining balance of $2,178.49 has been paid by the Debtors or other procedures have been taken in accordance with the Bankruptcy Code and Rules, GMAC may refuse to release title of the 1980 Toyota to Debtors.