**In re John H. SHUMATE, Debtor.**

**Richard STAIR, Jr., Trustee, Plaintiff,**

**v.**

**Mary Jo SHUMATE, Defendant.**

**Bankruptcy No. 3–83–00809.
Adv. No. 3–83–0919.**

United States Bankruptcy Court,
D. Tennessee.

Aug. 15, 1984.

---

Richard Stair, Jr., Knoxville, Tenn., for plaintiff.

Goddard & Gamble, Arthur B. Goddard, Carl P. McDonald, Maryville, Tenn., for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

At issue is whether a lien impressed by a state court to secure the debtor's support obligations under a divorce decree is void under 11 U.S.C.A. § 506(d)(1) (1979) to the extent that the lien purports to secure post-petition alimony payments.

### I

On April 30, 1984, this court entered a memorandum and order holding valid in bankruptcy a lien impressed by a state court upon the debtor's interest in real estate to secure the debtor's support obligations under a divorce decree. 39 B.R. 808 (Bankr.E.D.Tenn.1984). The lien was held valid to the extent that it secured the debtor's *prepetition* support obligations in the amount of $7,888.71. In addition, this court directed the parties to submit additional briefs addressing the validity of the lien in regard to the debtor's support obligations maturing subsequent to the petition in bankruptcy.

The language of the state court order afforded the defendant a lien on the debtor's interest in a house and two lots jointly owned by the parties. The lien purported to secure certain enumerated, liquidated amounts plus "all future child support and alimony."[1] The debtor's chapter 7 petition was filed on May 19, 1983. The defendant filed two proofs of claim specifically claiming alimony payments coming due between the date of the petition and the date of the first proof of claim, June 10, 1983. This first proof of claim designated the claim as unsecured. The second proof of claim, dated October 18, 1983, designated the claim as secured. This second proof of claim did not include a claim for any alimony pay-

---

1. The parties' minor child died prior to the petition in bankruptcy. Thus, the only postpeti- tion support payments involved here are alimony payments under the decree.

ments coming due after the date of the first proof of claim. However, the defendant argued in her pleadings and briefs that she considered the lien to secure all postpetition alimony payments coming due under the debtor's continuing support obligations.

## II

To the extent that the defendant's lien purports to secure alimony payments coming due after the debtor's petition in bankruptcy, the lien is void.

Section 506(d) of the Bankruptcy Code provides:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—
>
> (1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title ....

11 U.S.C.A. § 506(d)(1) (1979).

Section 502 of the Bankruptcy Code governs the determination of the allowance of claims. This section provides:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects.
>
> (b) ... [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> . . . . .
>
> (6) the claim is for a debt that is *unmatured* on the date of the filing of the petition, and that is *excepted from*

*discharge under section 523(a)(5) of this title ....*

11 U.S.C.A. § 502(a), (b)(6) (1979) (emphasis supplied).

Section 523(a)(5) of the Bankruptcy Code excepts from discharge alimony payments such as those purportedly secured by the defendant's lien.[2] Thus, a claim by defendant for alimony payments unmatured on the date of the petition would clearly not constitute an allowed claim under § 502(b)(6).

The critical issue, then, is whether defendant's lien is void under the provisions of § 506(d). This section makes clear that a lien securing a claim which is not an "allowed secured claim" is indeed void unless a party in interest fails to request the court to "allow or disallow such claim under section 502 of this title." 11 U.S.C.A. § 506(d)(1) (1979). Since defendant's lien purports to secure a claim for postpetition alimony payments which are not allowable under § 502(b)(6), the lien does not constitute an allowed secured claim.[3] The next inquiry is, then, whether a party in interest has requested the court to allow or disallow the claim within the meaning of § 506(d)(1). If no request for such a determination is made, then such a lien may nonetheless survive the bankruptcy unaffected even though it secures a claim that is not allowed. As the legislative history makes clear:

> Subsection (d) permits liens to pass through the bankruptcy case unaffected. However, if a party in interest requests the court to determine and allow or disallow the claim secured by the lien under section 502 and the claim is not allowed, then the lien is void to the extent that the claim is not allowed.

---

2. This section provides:

> (a) A discharge ... does not discharge an individual debtor from any debt—
>
> . . . . .
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement ....

11 U.S.C.A. § 523(a)(5) (1979).

3. 11 U.S.C.A. § 506(a) (1979) provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 357, *reprinted in* 1978 U.S.Code Cong. & Ad.News, 5963, 6313.

Defendant actually filed a proof of claim for only three weeks of alimony payments coming due after the filing of the debtor's petition. Under § 502 a claim is deemed allowed only if a proof of claim is filed. Thus, defendant actually requested the court to allow (i.e. filed a proof of claim for) only three weeks of postpetition alimony payments (despite her argument in pleadings and briefs that the lien secured a claim for the debtor's continuing, ever-increasing support obligations).

As previously noted, § 506(d)(1) voids a lien only if a party in interest has requested the court to allow or disallow the claim secured by the lien. The obvious question is whether the defendant's lien can be deemed void under § 506(d) where the defendant did not request the court to allow (i.e. did not file a proof of claim for) most of the postpetition alimony purportedly secured by the lien. In short, should the debtor or trustee be required to wait for the lienholder to file a proof of claim (or be required to file a proof of claim for the lienholder) before the debtor or trustee may request the court to disallow the claim within the meaning of § 506(d)(1)? This court does not believe so.

It is not necessary under § 506(d) that a proof of claim be filed in order for a party in interest to request disallowance. It may be said that § 502 by its terms makes no provision for a debtor to object to a claim unless a proof of claim has been filed. However, the reason is obvious— any unsecured claim for which no proof of claim was filed would not be allowed anyway. The debtor would have no need to object in such a situation in order to protect himself from such a claim. Here, in contrast, there is a very real need for the debtor or trustee to object to a claim for which no proof of claim has been filed. If he fails to do so, the lien will survive bankruptcy. Simply because § 502 only specifically provides for objections to claims for which a proof of claim has been filed does

not mean that a debtor or trustee should be prohibited from objecting under § 506(d)(1) to a claim for which no proof of claim has been filed where it is manifestly essential to his interests to do so. For example, in a similar, though not identical context, it has been observed:

> Subsections (a) and (b) of section 502, read together, require as a prerequisite to the allowance of claim the filing of a proof of claim with respect thereto. The debtor or trustee can file a proof of claim only if the holder of the claim has not timely filed proof thereof. From the foregoing, the question has arisen as to whether, prior to the expiration of the period during which a proof of claim may be timely filed by a creditor, the debtor or trustee can pursuant to section 506(d) avoid a lien securing a claim concerning which proof has' not been so filed.... Clause (1) of section 506(d) does not expressly require the filing of a proof of claim. If such a filing were required, the words "or disallow" would be mere surplusage because disallowance could not be sought unless a request to allow had been made ....
>
> [S]ection 506(d) should be available to avoid liens, even if related proofs of claim have not been filed and the period to file such proofs timely has not expired.

*3 Collier on Bankruptcy* ¶ 506.07 at 506–51 to –52 (15th ed. 1984).

Here, of course, the trustee does not seek to disallow the claim and void the lien prior to expiration of the period for filing proofs of claim. The period for filing proofs of claim expired before this action was commenced by the trustee. Neither the defendant nor the trustee filed within the requisite time a proof of claim for any postpetition alimony payments other than those coming due between the date of the petition and June 10, 1983, the date of the first proof of claim. However, there is no more reason in this situation to require the trustee to have filed a proof of claim for the creditor prior to requesting disallowance than there would be in a case where

the time for filing such proofs had not yet expired.

Here, defendant filed a proof of claim for the allowable, prepetition support payments secured by the lien. Since a claim for alimony payments maturing after the petition is clearly not allowable, filing a proof of claim for such amounts constitutes an exercise in futility. There is no reason to require the trustee to engage in such a pointless gesture on behalf of a creditor prior to making a request to disallow such a claim.

■ The trustee's complaint to determine the defendant's secured status was by itself sufficient for purposes of § 506(d). In *Brager v. Blum,* 28 B.R. 966 (Bankr.E.D.Penn.1983) the court held that a § 506(a) determination of a lienholder's secured status could be made, even though no proof of claim had been filed, since the debtor's complaint constituted a sufficient assertion of the claim to trigger the application of § 502(a). Significantly, the court observed that under 11 U.S.C.A. § 501 (1979) "the filing of a proof of claim is permissive only, and is not required. It permits filing where some purpose would be served." *Brager,* 28 B.R. at 967. This court can discern no purpose to be served by requiring a party in interest, prior to requesting disallowance of a secured claim for purposes of voiding a lien under § 506(d), to first file a proof of claim on behalf of the creditor. This is especially true where, as here, the creditor has already filed a proof of claim for any allowable portions of the claim.[4]

■ The remaining question is whether the trustee in the instant case has, within the meaning of § 506(d)(1), "requested that the court ... disallow such claim under section 502." The trustee did not file a

document specifically designated as an objection to the claim under § 502. The trustee filed, instead, this action to determine the validity, extent and priority of the lien. However, a " 'complaint to determine extent or validity of the claim or the lien securing it ... is a form of request for disallowance of the claim' " as contemplated by § 506(d)(1). *Smiley v. Associates Financial Services,* 26 B.R. 680, 683 n. 7 (Bankr.D.Kan.1982) (quoting 3 *Collier on Bankruptcy* ¶ 506.07 at 506.12 (15th ed. 1980)). Neither the Bankruptcy Code nor the Bankruptcy Rules direct a particular form for an objection to a claim under § 502 other than that it "shall be in writing and filed with the court." Bankruptcy Rule 3007.

Obviously, the central concern is that of due process considerations pertaining to notice and an opportunity to be heard. For example, in *In re Jordan,* 35 B.R. 23 (Bankr.D.Hawaii 1983) after a creditor filed a proof of claim the trustee merely reduced the amount of the claim when listing the claim in the trustee's reports. The court held that this alone did not constitute a valid objection to the claim since the creditor "did not receive notice of an objection in writing to its claim or have the opportunity to prove the validity of its claim at a court hearing." *Jordan,* 35 B.R. at 26. *See also In re Royce Dry Goods Co.,* 133 F. 100, 13 Am.Bankr.Rep. 257 (W.D.Mo.1904) (decided prior to Rule 306(c) requirement of writing—objections to claim should be in writing and sufficiently explicit to indicate nature and character of objection, but court will permit amendment of broad, general objection to conform to proof admitted without objection at hearing); *Orr v. Park,* 183 F. 683, 25 Am.Bankr.Rep. 544 (5th Cir. 1910) (decided prior to Rule 306(c) require-

---

**4.** It might be said that filing a proof of claim would certainly serve a purpose in a situation where a lien is voided under § 506(d) only to the extent that the secured claim exceeds the value of the collateral, since the filing of the proof of claim would permit the creditor to assert the portion of the claim exceeding the value of the collateral at least as an allowable, unsecured claim. This is, of course, the credi-

tor's prerogative. But while the Code permits a debtor or trustee to file a proof of claim for a creditor, it does not require the debtor or trustee to take steps to protect the unsecured claims of a creditor who fails to exercise diligence or who deliberately chooses not to file a proof of claim in the hope that its entire lien may thus pass unaffected through the bankruptcy.

ment of writing—although objection to claim should preferably be in writing it was immaterial whether claimant received formal, written notice of objection where he participated without objection in hearing).

When an objection to a claim alone is made, it is a contested matter governed by the somewhat streamlined procedure of Bankruptcy Rule 9014.[5] However, Bankruptcy Rule 3007 provides:

> If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

Here, of course, the trustee, rather than filing a document specifically designated as an objection to claim, simply instituted an adversary proceeding under Rule 7001 to determine the validity, extent and priority of the lien. Plainly, the defendant was afforded ample notice and opportunity to be heard regarding the validity of her asserted property interest in the debtor's interest in the real estate. Under these circumstances the trustee's failure to file a writing specifically designated as an objection to the claim would amount only to a failure to comply with a merely formal requirement and would constitute harmless error not affecting substantive rights. Bankruptcy Rules 9004 and 9005. *See also In re WHET, Inc.*, 33 B.R. 424 (Bankr.D. Mass.1983) (although it would have been better practice not to have labeled notice of objections as order to show cause, such form constituted harmless error).

 The defendant's lien, then, is void insofar as it purports to secure alimony payments maturing after the bankruptcy petition. This is an entirely different situation than that presented in *Geiger v. Geiger*, 12 B.R. 410 (Bankr.E.D.Wis.1981). In *Geiger* a lien on the debtor's real estate securing a lump sum divorce judgment was held to have passed unaffected through the bankruptcy proceedings. Although the court did not indicate the precise nature of the judgment, it clearly constituted a divorce-related debt maturing prior to the petition. Similarly, this court has acknowledged the validity of the defendant's lien to the extent that it secures the debtor's various support obligations maturing prior to the petition. However, § 502(b)(6) makes clear that the defendant must rely upon the nondischargeable nature of the obligation and look to the debtor's postpetition property to satisfy her claim for support payments maturing after the commencement of the bankruptcy. As the pertinent legislative history states:

> Postpetition alimony, maintenance or support claims are disallowed under paragraph (6). They are to be paid from the debtor's postpetition property, because the claims are nondischargeable.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 353, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6309.[6]

In accordance with Bankruptcy Rule 7052, this Memorandum constitutes findings of fact and conclusions of law.

---

**  Bankruptcy Rule 9014 provides:

> In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court orders an answer to a motion.

**6.** In a separate opinion entered this date in *In re Elrod*, 42 B.R. 468 (Bankr.E.D.Tenn.1984), this court held, upon motion of the debtor's wife for relief from the automatic stay, that the movant's interest in a real estate investment account did not constitute a lien void under § 506(d). In *Elrod* the state court first enjoined the debtor from using or transferring the account funds, attached the account, and then subsequently ordered the account funds to be held and used exclusively to satisfy the debtor's monthly child support obligations. This court found that the wife and child held not merely an attachment lien but, rather, the equitable, beneficial interest in the property as beneficiaries of an express trust established by the state court. Thus, this interest was not a mere lien, which would be void under § 506(d), but was an equitable interest excluded from the debtor's estate under 11 U.S.C.A. § 541(d) (1979).