DARWIN L. ZWIEG, District Attorney Clark County
You ask a series of questions concerning the treatment and release of information for minors in alcohol or other drug abuse programs. Your questions arise under circumstances where a child over twelve years of age presents himself or herself to the county community services clinic for an outpatient evaluation and is subsequently determined to have an alcohol or other drug abuse problem. Thereafter, outpatient services are recommended, and the minor begins participating in ongoing alcohol or drug abuse counseling. It is at this time that the minor often tells the counselor that he or she does not want the parents notified of this treatment.
You ask whether the community services department can honor a minor's request for alcohol and other drug abuse treatment without parental notification. For most forms of outpatient treatment, parental consent and notification are unnecessary. Under section 51.47(1), Stats., any physician or health care facility licensed, approved or certified by the state for the provision of health services may render preventive, diagnostic, assessment, evaluation or treatment services for the abuse of alcohol or other drugs to a minor twelve years of age or over without obtaining the consent of or notifying the minor's parent or guardian except where consent is specifically required under section 51.47(2). Section 51.47(2) requires the physician or health care facility to obtain the consent of the minor's parent or guardian:
 (a) Before performing any surgical procedure on the minor, unless the procedure is essential to preserve the life or health of the minor and the consent of the minor's parent or guardian is not readily obtainable. *Page 188 
 (b) Before administering any controlled substances to the minor, except to detoxify the minor under par. (c).
 (c) Before admitting the minor to an inpatient treatment facility, unless the admission is to detoxify the minor for ingestion of alcohol or other drugs.
 (d) If the period of detoxification of the minor under par. (c) extends beyond 72 hours after the minor's admission as a patient.
You also ask two related questions which I will answer together for purposes of clarity. First, referring to portions of section51.30, you ask whether the community services department is required to notify parents after treatment is completed or whether it is necessary for the parents to request the information on their own. Second, you ask whether the treatment facility must obtain the minor's consent to release information about treatment to the parents or whether the parents have a right to access without consent.
If it were not for specific limitations on release of alcohol or drug treatment records, parents could be notified that their child is a patient at an inpatient facility under section51.30(4)(b)13. Further, the parents of a developmentally disabled minor have an absolute right of access to the minor's treatment records at all times except in the case of a minor aged fourteen or over who files a written objection to such access with the custodian of the records. Sec. 51.30(5)(b)1., Stats. This subdivision provides that the parent, guardian or person in place of a parent of other minors shall have the same rights of access as provided to subject individuals under that section. However, such rights are not absolute in the specific areas of alcohol or other drug abuse treatment and must be subject to the minor's right to grant or withhold consent for release of this information.
It is a cardinal rule of statutory construction that conflicts between different statutes, by implication or otherwise, are not favored and will not be held to exist if they may otherwise be reasonably construed. Mack v. Joint School District No. 3,92 Wis.2d 476, 489, 285 N.W.2d 604 (1979). Where a conflict or inconsistency exists between two statutes on the same subject matter, there is a duty to construe the statutes in a manner that will harmonize them in order to give each full force and effect.State Central Credit *Page 189 Union v. Bigus, 101 Wis.2d 237, 242. 304 N.W.2d 148 (Ct.App. 1981).
When harmonizing inconsistent statutes, the specific governs the general. Caldwell v. Percy, 105 Wis.2d 354, 375,314 N.W.2d 135 (Ct.App. 1981). Access without informed written consent to treatment records is severely restricted by the express language in section 51.47(2)(c) and by a combined reading of section51.30(4)(c) and rules and regulations limiting disclosure of information from alcohol or other drug abuse treatment records.
Notwithstanding the parents' general right to notice that their child is a patient at an inpatient facility under section51.30(4)(b)13., parental consent is not necessary before admitting a minor to an inpatient treatment facility if the admission is to detoxify the minor for ingestion of alcohol or other drugs and if the period of detoxification does not extend beyond seventy-two hours after admission. Sec. 51.47(2)(c) and (d), Stats. Section 51.30(4)(c) provides:
 Notwithstanding par. (b), whenever federal law or applicable federal regulations restrict, or as a condition to receipt of federal aids require that this state restrict the release of information contained in the treatment records of any patient who receives treatment for alcoholism or drug dependency in a program or facility to a greater extent than permitted under this section, the department may by rule restrict the release of such information as may be necessary to comply with federal law and regulations. Rules promulgated under this paragraph shall supersede this section with respect to alcoholism and drug dependency treatment records in those situations in which they apply.
Wisconsin Administrative Code chapter HSS 92 (1986) is promulgated pursuant to section 51.30(12) which directs the department to promulgate rules to implement certain portions of section 51.30(4). Wis. Admin. Code § HSS 92.01(2) (1986). There are specific limitations on the release of information on outpatient or detoxification services under Wisconsin Administrative Code section HSS 92.06(2) (1986), which provides:
 Information may be released from the alcohol or drug abuse treatment records of a minor only with the consent of both the minor and the minor's parent, guardian or person in the place of a parent, except that outpatient or detoxification services information, *Page 190 
with the qualifications about these services indicated in s. 51.47(2), Stats., shall be disclosed only with the consent of the minor provided that the minor is 12 years of age or older.
By federal regulation, when a minor under state law can obtain treatment for alcohol or other drug abuse without the parent or guardian's approval, as under section 51.47, only the minor's consent is required for disclosure of information from records of that treatment. 42 C.F.R. § 2.14 (1987) provides in pertinent part:
 (b) State law not requiring parental consent to treatment. If a minor patient acting alone has the legal capacity under the applicable State law to apply for and obtain alcohol or drug abuse treatment, any written consent for disclosure authorized under Subpart C of these regulations may be given only by the minor patient. This restriction includes, but is not limited to, any disclosure of patient identifying information to the parent or guardian of a minor patient for the purpose of obtaining financial reimbursement. These regulations do not prohibit a program from refusing to provide treatment until the minor patient consents to the disclosure necessary to obtain reimbursement, but refusal to provide treatment may be prohibited under a State or local law requiring the program to furnish the service irrespective of ability to pay.
. . . .
 (d) Minor applicant for services lacks capacity for rational choice. Facts relevant to reducing a threat to the life or physical well being of the applicant or any other individual may be disclosed to the parent, guardian, or other person authorized under State law to act on the minor's behalf if the program director judges that:
. . . .
 (2) The applicant's situation poses a substantial threat to the life or physical well being of the applicant or any other individual which may be reduced by communicating relevant facts to the minor's parent, guardian, or other person authorized under State law to act in the minor's behalf.
Specifically for alcohol and other drug abuse treatment for minors, there is no need for parents to request the information to which they are entitled. Section 51.47(3) requires the physician or *Page 191 
health care facility to notify the minor's parent or guardian of any services rendered under that section "as soon as practicable."
In this latter respect, your next question is whether the treatment program is required to notify parents and, if so, whether this notification is to be given as soon as treatment is completed under section 51.47(3), which provides that "[t]he physician or health care facility shall notify the minor's parent or guardian of any services rendered under this section as soon as practicable." As section 51.47(1) permits, but does not require, the physician or health care facility to render treatment for the abuse of alcohol or other drugs to a minor twelve years of age or over without obtaining the consent of or notifying the minor's parent or guardian, it never would be "practicable" to notify the parent of any services rendered except for those services under section 51.47(2), quoted above, for which parental consent is necessary. Those services, except possibly for the administering of any controlled substances under section 51.47(2)(b), cover inpatient rather than outpatient treatment. Further, because the release of any such information concerning alcohol or other drug abuse outpatient treatment without the minor's consent is unlawful under both42 C.F.R. § 2.14(b) (1987) and Wisconsin Administrative Code section HSS 92.06(2) (1986), it is difficult to perceive how any notification to the parents would ever be practicable except where the law specifically permits notification in medical emergencies under42 C.F.R. § 2.14(d)(2) (1987).
The parental notification envisioned by section 51.47(3) only applies to services for which parental consent is necessary or in situations where a minor age twelve or over has given informed consent to parental notification. It also is my opinion that section 51.47(3) was intended to alert parents to the performance of those specific medical procedures of which they may not have been aware when consent initially was obtained under section51.47(2) or when consent otherwise would have been required under section 51.47(2)(a) except for the existence of a medical emergency.
In all other situations, parental notification never could be viewed as "practicable." It should be noted, in passing, that even access to treatment records by the subject individual may be restricted during his or her treatment by the director of a treatment facility under the general terms of section51.30(4)(d)1.
Your final question, quoting directly from your recent letter is: *Page 192 
 In regard to non-alcohol or other drug abuse outpatient mental health services to minors; Is the Community Services Department on safest ground by continuing their present policy of addressing emergency referrals such as a suicidal adolescent without parental notification if necessary, but once the emergency has passed, declining to provide ongoing counseling without parental consent?
As this question appears to solicit practical rather than legal advice, I respectfully decline to answer it. I simply note that individual counselors are in the best position to assess any given situation involving an adolescent, subject to any statutory restrictions on the provision of services and release of information.
I also invite to your attention two recent acts dealing with subjects generally related to your overall inquiry. Section51.30(4)(b)19. was created by 1987 Wisconsin Act 362 to permit the release of treatment records without informed written consent of the subject individual to, among others, the parent of the individual if the parent is directly involved in providing care to or monitoring the treatment of the individual and if the involvement is verified as therein provided. This subdivision does not apply to treatment records of a subject individual who is receiving or has received services for alcoholism or drug dependence, and the treatment records released are limited to a summary of the subject individual's diagnosis and prognosis, a listing of the medication which the subject individual has received and is receiving, and a description of the subject individual's treatment plan. As created by 1987 Wisconsin Act 367, section 51.14 now contains specific procedures for those cases where a minor wants certain treatment but where the parents are unwilling to consent. The refusal of either a minor age fourteen or older or the minor's parent or guardian to provide informed consent for outpatient mental health treatment, except psychotropic medications, is reviewable by the mental health review officer appointed by the juvenile court and by the juvenile court itself.
DJH:DPJ *Page 193