238

In the Matter of Charles Milner
LIVELY, Jr., Debtor.

CLAUSSEN CONCRETE COMPANY,
INC., Appellant,

v.

James D. WALKER, Jr., Appellee.

Bankruptcy No. 182–00700.
Adv. No. 185–0041.
Civ. A. No. CV186–028.

United States District Court,
S.D. Georgia,
Augusta Division.

May 6, 1987.

Ted H. Clarkson, Augusta, Ga., for appellant.

James D. Walker, Jr., Augusta, Ga., for appellee.

## ORDER ON APPEAL

BOWEN, District Judge.

The captioned case is a bankruptcy appeal. Appellant appeals from the December 20, 1985, order of the Honorable Herman W. Coolidge, Bankruptcy Judge in this district. Pursuant to the provisions of 28 U.S.C. §§ 158 and 1334, jurisdiction over this appeal lies within the Augusta Division of this district court.

The facts are not in dispute. The appellant, Claussen Concrete Company, obtained a valid judgment lien against Charles Milner Lively on March 26, 1981, in the amount of $7,373.99. Lively (hereinafter "the debtor") later filed a petition in bankruptcy under Chapter 7 of Title 11, United States Code, on December 29, 1982. The debtor was discharged on March 28, 1983.

Within 180 days of the filing of the petition, the debtor and his wife inherited real and personal property having the approximate value of $27,820.07. Since under 11 U.S.C. § 541(a)(5)(A) a debtor's interest in the inheritance is to become part of the bankruptcy estate, Lively was directed to make an allocation of his interest in the inherited property. Thereafter, the trustee in bankruptcy brought a fraudulent conveyance action against the debtor's wife, alleging that a certain piece of real estate was conveyed to her for no consideration by a corporation owned entirely by the debtor. The bankruptcy court approved a settlement whereby the debtor and his wife would convey a tract of real estate to the trustee in satisfaction of the trustee's claim against the debtor for his share of the inheritance and against the debtor's wife for the fraudulent conveyance. The trust-

ee sold the real estate for approximately $18,000.00.

The appellant, along with seven other pre-petition judgment lienholders, made claims to the proceeds from the sale of the land. The trustee brought an action to determine the respective rights of all parties to such proceeds. The bankruptcy court, after a hearing, ordered that the appellant had no special right to $7,373.99 of the $18,000.00 fund, reasoning that lien of the appellant did not attach to the proceeds.

■ In his order, the bankruptcy judge relied on the "fresh start" provision of the Bankruptcy Code, 11 U.S.C. § 524(a)(1), in determining that the rights of judgment lienholders are fixed at the time of the debtor's discharge. While it is correct that a discharge ends the debtor's *personal* liability for all pre-petition debts, the bankruptcy estate remains liable for the claims of creditors. Therefore, the entire estate, however augmented by the trustee's employment of a variety of specific powers listed under the Bankruptcy Act, is subject to the claims of creditors in the manner prescribed in the Act. Since the $18,000.00 fund properly became part of the estate through a settlement of bona fide claims between the trustee, debtor, and debtor's wife, the fund is in no respect part of the post-petition economic life of the debtor.

Of course, the Bankruptcy Act provides that certain judicial liens may be avoided by the trustee. A judgment lien is a "transfer" of an interest of the debtor in property, 11 U.S.C. § 101 (50), and is therefore voidable under Section 547(b) if such lien arises within ninety days before the date of filing. Since, however, the present lien arose more than ninety days before filing, the lien is not voidable, and the creditor remains secured.

In his brief the trustee argues that 11 U.S.C. § 541, which defines the estate, limits the reach of the judgment lien now in question. However, that section is hardly restrictive. The estate is defined not only to consist of property owned by the debtor as of the commencement of the case, 11 U.S.C. § 541(a)(1), and property acquired by the debtor through inheritance within 180 days after filing, 11 U.S.C. § 541(a)(5)(A), but also to include "[a]ny interest in property that the estate acquires after the commencement of the case," 11 U.S.C. § 541(a)(7), as well as any interest in property that the trustee recovers under his avoidance powers, including the power to recover property fraudulently conveyed under Section 550(a). 11 U.S.C. § 541(a)(3). As proceeds from the sale of property properly within the estate under Section 541, the fund is subject to the claims of creditors, the priority of which is to be determined by applicable state law except where the Bankruptcy Act provides otherwise.

■ Under Georgia law, a judgment lien binds all the property of the defendant in judgment, including after-acquired property. OCGA § 9–12–80; *Hollock v. Jackson*, 5 Ga. 153 (1848); *Cohutta Mills, Inc. v. Hawthorne Indus.*, 179 Ga.App. 815, 348 S.E.2d 91 (1986). A judgment lienholder's claim is superior to that of an unsecured creditor or a junior lien creditor. In the present case, the appellant's lien is superior to that of the trustee as hypothetical lien creditor whose lien arose on December 29, 1982, the date of the debtor's filing.

Generally, a judgment lien is not invalidated by either a filing or a discharge in bankruptcy. *In re Pischke*, 11 B.R. 913 (Bankr.Va.1981). The lien continues and attaches to after-acquired property of the debtor. 9A Am. Jur. 2d Bankr. § 779. *In re Tillman Produce Co.*, 396 F.Supp. 500, 502 (W.D.Wis.1975) (dicta), *aff'd* 538 F.2d 763 (7th Cir.1976).

The appellant correctly points out that 11 U.S.C. § 552 implies that judicial liens attach to after-acquired property of the debtor. That section provides:

... [P]roperty acquired by the estate or by the debtor after the commencement of the case is not subject to any liens resulting from any security agreement entered into by the debtor before the commencement of the case.

The section mentions only "liens resulting from any security agreement," *see* 11

U.S.C. § 101 (44), but is silent with respect to other types of liens, including judicial liens as defined by 11 U.S.C. § 101(32).

For the above reasons, I conclude that the otherwise valid judgment lien obtained by the appellant is enforceable against the property of the estate recovered by the trustee for the benefit of the estate after the filing of the debtor's bankruptcy petition. Accordingly,

The order of the bankruptcy court is REVERSED.