GLOBE INDEMNITY COMPANY, Appellant, vs. GRANSKOV, Respondent.

*October 11—November 14, 1944.*

For the appellant there was a brief by *Treis & Corrigan,* attorneys, and *John S. Barry* of counsel, all of Milwaukee, and oral argument by *Mr. Barry.*

For the respondent there was a brief by *Claude D. Stout* of Edgerton, attorney, and *Mistele & Smith* of Jefferson of counsel, and oral argument by *Mr. Stout* and *Mr. Lynn H. Smith.*

FRITZ, J. Under Rule 3a of this court the parties to this appeal entered into a stipulation of facts, approved by the trial court. For the determination of the issues raised here it suffices to note the following facts stated in that stipulation. The judgment in question was entered in an action which Grob brought against Elmer Granskov, Ace Keeney, Ben Gilbertson, Harry B. O'Brien, and the Globe Indemnity Company, as surety on a bond given by O'Brien as sheriff. On the trial which resulted in that judgment there was proof to the following effect. Gilbertson, who was a deputy under Sheriff O'Brien, had been told by Keeney that his daughter had been

assaulted by a boy whom she identified as Grob; and Keeney asked Gilbertson to have Grob arrested. Gilbertson requested Granskov, who had acted as a special deputy sheriff on previous occasions, to get Grob. Granskov did so and had Grob accompany him to a village hall. There Gilbertson and Granskov questioned Grob in the presence of Keeney, who was permitted to take part in the procedure. The latter, who was known to the defendants as an ex-pugilist, was very belligerent toward Grob and exhibited extreme bitterness toward him, but was permitted by Gilbertson and Granskov to question and remain close to Grob. An argument ensued during the course of which Keeney suddenly drove his fist into Grob's face and knocked him down and injured him seriously. After Keeney struck Grob, Granskov intervened to prevent a continuance of the assault. The jury found that Granskov arrested and detained Grob at the request and direction of Gilbertson; that Keeney committed an assault and battery on Grob, and in doing so was actuated by malice; that at and immediately before the commission of the assault, Gilbertson failed to use reasonable diligence to protect Grob from injury, but such failure was not actuated by malice toward Grob; and that Granskov likewise failed to use reasonable diligence to protect Grob from injury. No question was submitted to the jury and there was no finding whatever as to the existence of any malice on the part of Granskov. The jury assessed Grob's compensatory damages resulting from the assault and battery by Keeney at $5,000; and assessed $100 as punitory damages for the malicious assault and battery committed by Keeney upon Grob. The judgment provided for Grob's recovery of the compensatory damages, with costs taxed at $300.10, from all of the defendants; and, in addition, provided for the recovery of the punitory damages from Keeney. In the federal court bankruptcy proceedings, Granskov filed schedules in which he mentioned the judgment for $5,300.10 entered

on June 7, 1941, against him and the other defendants, and that Globe Indemnity Company was the assignee thereof; and notices of the first meeting of creditors were mailed to it. On September 25, 1943, Granskov was discharged from all claims listed in his schedules and the order of discharge was duly entered by the referee in bankruptcy.

Appellant contends that Granskov's liability under the judgment was for wilful and malicious injury on his part to the person of Grob; and therefore the discharge in bankruptcy did not release Granskov from his liability under the judgment in view of the "second" exception stated in 11 USCA, sec. 35, which (so far as pertinent here) reads:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for . . . *wilful* and *malicious* injuries to the person or property of another. . . ."

In passing upon that contention, the circuit court said:

"The only matter challenged herein is that said judgment was based on a 'wilful and malicious act,' and is therefore not dischargeable in bankruptcy. The action resulting in the judgment mentioned was tried before the court and a jury. The jury found said defendant negligent for failure to properly protect a prisoner (Howard Grob) then under arrest and in the custody of one Ben Gilbertson, a deputy sheriff, and this petitioner, upon request of said Gilbertson; the assault on Grob having been made by the defendant Ace Keeney. The question of 'malice' so far as the defendant Granskov was concerned, was not submitted to the jury, as in the court's opinion, under all the circumstances shown by the testimony, by no stretch of the imagination could the defendant Granskov be found guilty of a wilful or malicious act. The court is still of the same opinion. It is therefore my opinion, that the judgment mentioned was dischargeable in bankruptcy, and should be ordered discharged of record as of the date of the discharge in bankruptcy."

These conclusions are entirely in accord with and warranted by the proceedings and record on the trial, which resulted in adjudging the recovery from Granskov. The only basis therefor was the negligence on his part in that he failed,—as was found by the jury,—to use reasonable diligence to protect Grob from injury. In view of this finding as to but ordinary negligence on the part of Granskov, and the statements of Judge EARLE, who had also presided on the trial of the case, that, in his opinion, under all the circumstances shown by the testimony on the trial, Granskov could not be found guilty of a wilful or malicious act, and that therefore no question of malice, so far as Granskov was concerned, was submitted to the jury, it is obvious that the provision adjudging a recovery from him was not based upon liability for any wilful or malicious injury by him. And it is significant also, in this connection, that the only finding on the trial as to malice is that Keeney was actuated by malice; and that the only provision which is in the judgment in respect to the $100 assessed as punitory damages for Keeney's malicious assault and battery is for the recovery thereof solely from Keeney. Consequently, in view of the matters thus disclosed upon looking behind the judgment and considering the entire proceedings and record, it is clearly evident that the provision adjudging the recovery of the compensatory damages from Granskov was not based upon any liability for wilful or malicious injury by him to Grob. In order to determine whether the liability of a judgment debtor for injury to the person is for but ordinary negligence or is for such wilful and malicious injury that the liability therefor is excepted by the provision in sec. 17, subd. 2 of the Bankruptcy Act from the release which is otherwise effected by a discharge in bankruptcy, the court will look behind the judgment and consider the entire record; and the actual fact disclosed thereby as the basis for the liability of the judgment debtor will govern. *In re Wegner* (7th Cir.), 88 Fed. (2d) 899, 900 *et seq.; In re Byrne*

(2d Cir.), 296 Fed. 98; *United States v. Meyering* (7th Cir.), 66 Fed. (2d) 347; *In re Cote,* 93 Vt. 10, 106 Atl. 519; *In re Lorde* (D. C.), 144 Fed. 320; 7 Remington, Bankruptcy (5th ed.), pp. 812, 815, sec. 3551; 6 Am. Jur. p. 830, sec. 528.

*By the Court.*—Order affirmed.