ZYWICKE and others, Respondents, v. BROGLI, Appellant.

*September 1—September 29, 1964.*

---

[9] *Bloomquist v. Better Business Bureau* (1962), 17 Wis. (2d) 101, 103, 115 N. W. (2d) 545.

For the appellant there was a brief and oral argument by *Henry L. Arnold* of Milwaukee.

For the respondents there was a brief by *Ben G. Slater* and *Ralph K. Rosenbaum, Jr.,* both of Milwaukee, and *Homer Lynn* of Saukville, and oral argument by *Mr. Rosenbaum.*

GORDON, J. When a judgment has been discharged in bankruptcy, the debtor is entitled to a satisfaction of such judgment under sec. 270.91 (2), Stats. The debtor has a right to a satisfaction for reasons which are wholly extraneous to the financial-responsibility sections of the Motor Vehicle Code. An important reason for granting the satisfaction is that a discharged debtor might be adversely affected by the existence of an unsatisfied judgment with reference to his prospects of employment or of obtaining credit.

We are of the opinion that the defendant was entitled to a satisfaction of this judgment. If that were his sole motivation in taking this appeal, he has won a complete victory; however, if he also anticipated that he would thereby recover his driving privileges as a matter of right, his victory will prove to be an illusory one.

In his carefully composed memorandum opinion, the learned trial judge assumed that the commissioner of motor vehicles would not be able to go behind the satisfaction of the judgment to ascertain that such satisfaction came

about as a result of a discharge in bankruptcy. If this assumption were correct, the horns of the dilemma would be sharp. On the one side would be the statutory direction that a discharged judgment be satisfied. Sec. 270.91 (2), Stats. On the other side would be the clear legislative mandate that so far as motor vehicle financial responsibility is concerned, a judgment debtor is not to be relieved by a discharge in bankruptcy. Sec. 344.26 (2).

However, we conclude that the commissioner is as free to look behind the satisfaction as he is to look at the face of the instrument. If, as in the instant case, the satisfaction is found to stem from a discharge in bankruptcy, the commissioner would be entitled to heed sec. 344.26 (2), Stats., and to deny the request for reinstatement of the driving license.

The right of the commissioner to delve behind the satisfaction is suggested by sec. 343.14 (2) (f), Stats., which provides that the commissioner can require "such further information as the department may reasonably require to enable it to determine whether the applicant is by law entitled to the license applied for." In addition, in considering the reinstatement of operating privileges which were removed under ch. 344, Stats., sec. 344.09 provides that the commissioner must be "satisfied." It would thus appear that the commissioner would not be required blindly to reinstate a license when a judgment has been satisfied if the commissioner learns that the satisfaction resulted from a discharge in bankruptcy.

We suggest that a trial judge who is confronted with a demand for a satisfaction of a bankruptcy-discharged judgment would be warranted in ordering that the satisfaction declare on its face that it is based upon a discharge in bankruptcy. This would alert the commissioner so as to

enable him to carry out the mandate of sec. 344.26 (2), Stats. However, as noted earlier, the commissioner would be entitled to apply such statutory mandate if the information reached him in some other manner. In other words, sec. 344.26 (2) is to be enforced even though a satisfaction is granted under sec. 270.91 (2). The two statutes are independent and not *in pari materia*. The two statutes may fully coexist notwithstanding a seeming contradiction. On scrutiny, we are persuaded that there is no conflict between them.

*By the Court.*—Order reversed.