In the Matter of **TILLMAN PRODUCE CO., INC., Bankrupt.**

**No. 74–BK–208.**

United States District Court,
W. D. Wisconsin.

July 2, 1975.

Alex B. Cameron, Trustee, LaCrosse, Wis., for appellee.

Paul W. Henke, Jr., LaCrosse, Wis., for appellant.

OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is an appeal from an order entered herein on January 15, 1975 by the

Honorable Leonard Bessman, Bankruptcy Judge. The facts set forth in the following section of this opinion, under the heading "Facts," are not all to be found in the record on appeal, and I have been unable to find some of them in the full record of this bankruptcy proceeding. However, to the extent that the facts are not to be found in the record, they appear to be agreed to by the parties.

### Facts

The appellant, Paul G. Law, is a creditor who had docketed a judgment against the bankrupt on February 11, 1972, in Monroe County, Wisconsin. Execution had not been levied by Law against any Monroe County real estate owned by the bankrupt, prior to March 6, 1974. On March 6, 1974, the bankrupt filed a petition in this court for an arrangement under Chapter XI of the Bankruptcy Act, and was adjudicated bankrupt May 31, 1974. A trustee in bankruptcy was appointed. On September 20, 1974, he applied to the bankruptcy court for authority to sell for $65,000 certain real property situated in Monroe County, Wisconsin, said sale to be free and clear of liens, with the liens to attach to the proceeds. The said real property had been owned by the bankrupt on February 11, 1972 or at some time thereafter and prior to March 6, 1974, and it was owned by the bankrupt on March 6, 1974. Also on September 20, 1974, the bankrupt was discharged by the bankruptcy court. The claim of appellant Law was among those from which the bankrupt was released by the order of discharge entered September 20, 1974. On October 1, 1974, the bankruptcy court authorized the sale of the real estate in Monroe County on the terms prayed for by the trustee. On September 27, 1974, the trustee applied to the bankruptcy court for an order determining that the judgment of appellant Law, among other judgments, is not a lien against real estate or the proceeds thereof, discharging appellant Law as a secured creditor, and declaring appellant

Law to be a general creditor. No similar application has been made by the bankrupt or by any other person to the court where appellant Law's judgment had been entered. This appeal is from the order granting trustee's motion.

### Opinion

 . In bankruptcy the existence and effect of liens on real estate are to be determined by state law. As of March 6, 1974, when the petition in bankruptcy was filed, the judgment which appellant Law had obtained against the bankrupt was a lien against the real estate in question. Section 270.79, Wis.Stat. The central question is whether, in the bankruptcy proceedings, effect should be given this lien after the bankrupt has been discharged. The bankruptcy judge has concluded that effect cannot be given this lien after the bankrupt has been discharged. His conclusion is based upon two sections of the Wisconsin Statutes:

270.79(1) Every judgment, when properly docketed, and the docket gives the judgment debtor's place of abode and his occupation, trade or profession shall, for 10 years from the date of the entry thereof, be a lien on the real property (except the homestead mentioned in s. 272.20) in the county where docketed, of every person against whom it is rendered and docketed, which he has at the time of docketing or which he acquires thereafter within said 10 years. A judgment based upon a claim discharged in bankruptcy shall upon entry of the order of satisfaction cease to be and shall not thereafter become a lien on any real property of the discharged person then owned or thereafter acquired.

270.91(2) Upon proper notice, any person who has secured a discharge in bankruptcy may apply to the court where any judgment rendered void by such order of discharge was entered, for an order to satisfy such judgment. If the court finds that such order of

discharge in bankruptcy was duly obtained and that its effect is to render void the judgment sought to be satisfied, it shall declare such judgment to be satisfied and direct satisfaction thereof to be entered on the docket. The entry of such order of satisfaction of judgment shall bar any other action in the courts of this state against such bankrupt person based upon the judgment so satisfied.

It would be rather odd to bestow upon a docketed judgment the quality of a lien against real estate, but then to strip it of this quality whenever the judgment debtor petitions in bankruptcy, whether more or less than four months subsequent to the docketing of the judgment. Because bankrupts are frequently discharged in the bankruptcy proceedings at a time prior to the trustee's sale of the real estate and prior to the distribution of the proceeds of the sale, this oddity would arise with equal frequency unless the lien is given effect in the bankruptcy proceeding following the entry of the order discharging the bankrupt. This persuades me that the more reasonable course is to give the lien effect after the discharge if the Wisconsin statutes permit it.

Section 270.91(2) establishes a procedure by which a person discharged in bankruptcy can obtain a satisfaction of the judgment from the court which entered it, and thus bar any other action in Wisconsin courts based upon the judgment. The critical sentence appears in Section 270.79(1):

"A judgment based upon a claim discharged in bankruptcy shall upon entry of the order of satisfaction [provided for in Section 270.91(2)] cease to be and shall not thereafter become a lien on any real property of the discharged person then owned or thereafter acquired."

I consider that in this critical sentence, the most critical words are "any real property of the discharged person then owned or thereafter acquired." Unless,

by leave of the bankruptcy court, the trustee in bankruptcy has abandoned real property owned by the bankrupt when the petition in bankruptcy was filed, that real property is no longer owned by the bankrupt as of the time the discharge in bankruptcy is entered, and, even more clearly, as of the subsequent time at which the discharged bankrupt applies for a satisfaction of the judgment pursuant to § 270.91(2). Section 70a of the Bankruptcy Act. The provisions of § 270.91(2) and of the last sentence of § 270.79(1) can fairly be read to provide protection to a discharged bankrupt from any subsequent action in Wisconsin courts based upon the judgment, and also to provide protection from the judgment lien for any real property acquired by the bankrupt subsequent to his or her discharge in bankruptcy.

To illustrate in light of the facts of the present case, the lien of the judgment docketed February 11, 1972 would normally apply to any real estate in Monroe County which the judgment debtor "has" (owns) as of February 11, 1972 or which the judgment debtor acquires at any time through February 11, 1982. Had this bankrupt acquired real property in Monroe County on September 21, 1974, the day after the discharge in bankruptcy, or on February 10, 1982, the judgment docketed February 11, 1972 would appear to prospective mortgagees or prospective purchasers to be a lien against said real property. But for the remedial state legislation, this appearance would probably be correct. 9 Am.Jur.2d § 760, p. 568. To permit the bankrupt to avoid this difficulty, Section 270.91(2) establishes the procedure to obtain an order of satisfaction of the judgment, and the last sentence of Section 270.79(1) makes it explicit that the effect of the entry of the order of satisfaction is to terminate the lien of the judgment as to real estate owned by the discharged person as of the time the order of satisfaction is entered and as to real estate acquired by the bankrupt at

any time thereafter through February 11, 1982.

The effect of this construction of the Wisconsin statutes, as they intertwine with the federal law of bankruptcy, is to give a judgment creditor like appellant Law only one chance to collect on his judgment against the judgment debtor who petitions in bankruptcy and is discharged. The proceeds from the bankruptcy sale of the real estate subject to his lien may be equal to the amount of the claim on which he had obtained judgment. The proceeds from the bankruptcy sale of the real estate subject to his lien may be less than the amount of the claim on which he had obtained judgment, but there may be distributed to him, as a general creditor to the extent of the deficiency, an amount equal to the deficiency. But if at the conclusion of the bankruptcy proceeding a deficiency remains, the judgment creditor is prevented thereafter from asserting the lien of that judgment against any real estate owned at any time by the bankrupt.

I appreciate that the Circuit Court for Washington County, Wisconsin, has construed Sections 270.91(2) and 270.79(1) in a manner inconsistent with the construction I have adopted herein. *Hartford Savings and Loan Association v. Perry B. Eaton, et al.*, No. 12424, April 12, 1971. However, despite my respect for the views of that court, I do not consider myself bound by its decision, as contrasted with a construction of state statutes by the Supreme Court of Wisconsin.

In this opinion, I have described the basic question as whether, in the bankruptcy proceedings, effect should be given to the lien of the judgment after the bankrupt has been discharged. I appreciate that the Wisconsin statutes, however they may be construed, do not provide that the lien is automatically extinguished by the discharge in bankruptcy; rather, they require an application by the discharged bankrupt to the court in which the judgment was entered, and the entry by that court of an order of satisfaction. However, I am prepared to hold that if the order of the bankruptcy judge entered in this case January 15, 1975 is correct in other respects, it is correct in its holding that the application can be made by the trustee in bankruptcy rather than by the discharged person, and in its holding that the application can be addressed to and acted upon by the bankruptcy court rather than to and by the court in which the judgment was entered. Both of these holdings badly strain the language of Sections 270.79(1) and 270.91(2), and the necessity so to strain the statutory language is one of the factors which persuades me that the basic holding by the bankruptcy judge is incorrect. If his basic holding is correct, however, the rest follows. Otherwise, the decision in the bankruptcy court on the distribution of the proceeds of the real estate would be made to depend upon whether, prior to the time of distribution, the discharged bankrupt chooses to apply to another court for an order of satisfaction of the judgment.

### Order

Upon the basis of the entire record herein, the order of the bankruptcy judge entered January 15, 1975 is reversed, and the case is remanded to the said bankruptcy judge for further proceedings in accordance with this opinion.