In the Matter of Tillman Produce Co., Inc., Bankrupt.

Alex B. CAMERON, as Trustee in Bankruptcy, Trustee-Appellant,

v.

Paul G. LAW, Creditor-Appellee.

No. 75–1851.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 11, 1976.

Decided July 30, 1976.

Alex B. Cameron, La Crosse, Wis., for trustee-appellant.

Paul W. Henke, Jr., La Crosse, Wis., for creditor-appellee.

Before PELL and SPRECHER, Circuit Judges, and PERRY, Senior District Judge.*

PELL, Circuit Judge.

This appeal is from a judgment of the district court determining the lien rights under Wisconsin law of a judgment creditor in real estate owned by the bankrupt. The district court reversed the order of the bankruptcy judge which had held in effect that the lien had been extinguished. *In the Matter of Tillman Produce Co., Inc.,* 396 F.Supp. 500 (W.D.Wis.1975).

The appellee, Paul G. Law had docketed a judgment against the bankrupt in February, 1972, in Monroe County, Wisconsin, where the bankrupt owned real estate. No execution was ever issued on the judgment. On March 6, 1974, the bankrupt filed a Chapter XI petition and was adjudicated a bankrupt on May 31, 1974. In September 1974 the trustee applied to the bankruptcy court for authority to sell certain real property situated in Monroe County, said sale to be free and clear of liens, with the liens to attach to the proceeds. The real estate to be sold had been owned by the bankrupt at all material times. The bankrupt was discharged on the same day the petition to sell was filed. The sale was subsequently or-

---

* Senior District Judge J. Sam Perry of the Northern District of Illinois is sitting by designation.

dered on the terms prayed by the trustee. A few days prior to this order the trustee applied to the bankruptcy court for an order determining that the judgment of Law, among other judgments, was not a lien against the real estate or the proceeds thereof, discharging Law as a secured creditor, and declaring Law to be a general creditor. The application was granted by the bankruptcy court but was reversed upon appeal to the district court. Appeal was taken by the trustee to this court.

Two sections of the Wisconsin statutes are concerned with the issue presented:

270.79(1) Every judgment, when properly docketed, and the docket gives the judgment debtor's place of abode and his occupation, trade or profession shall, for 10 years from the date of the entry thereof, be a lien on the real property (except the homestead mentioned in s. 272.20) in the county where docketed, of every person against whom it is rendered and docketed, which he has at the time of docketing or which he acquires thereafter within said 10 years. *A judgment based upon a claim discharged in bankruptcy shall upon entry of the order of satisfaction cease to be and shall not thereafter ·become a lien on any real property of the discharged person then owned or thereafter acquired.* (Emphasis supplied.)

270.91(2) Upon proper notice, any person who has secured a discharge in bankruptcy may apply to the court where any judgment rendered void by such order of discharge was entered, for an order to satisfy such judgment. If the court finds such order of discharge in bankruptcy was duly obtained and that its effect is to render void the judgment sought to be satisfied, it shall declare such judgment to be satisfied and direct satisfaction thereof to be entered on the docket. The entry of such order of satisfaction of judgment shall bar any other action in the courts of this state against such bankrupt person based upon the judgment so satisfied.

■ The district court found that the critical sentence for the disposition of the case was that which we have italicized above in § 270.79(1). We agree. The trustee in his reply brief in this court asserts that "the Wisconsin Statutes clearly, unequivocally, unmistakably, absolutely and without doubt conclusively determines that a judgment, regardless of when it was obtained, *can be satisfied* and the judgment lien creditor's rights be absolutely defeated as to any lien that the judgment creditor may have had prior to the bankruptcy." (Emphasis supplied.) Even if we were to agree with the appellant as to the unconfutability of this statement of the law, which we do not, the plain and dispositive fact here is that while there had been a discharge there had not been a satisfaction order entered as required by § 270.79(1) for the extinguishment of the lien. Whether the trustee stood in the shoes of the bankrupt for the purpose of securing such a satisfaction as urged by the trustee is immaterial because the satisfaction order was not entered as required by the statute.

We are uncertain, in the absence of any legislative history, as to exactly what the Wisconsin legislature intended to accomplish by the provisions in question with regard to the extinguishment of judgment liens. If the intent was based upon the belief that the holder of a judgment lien irrespective of long holding is a second class lien claimant not entitled to the protection accorded in bankruptcy to other lien holders, such as mortgagees, then the statute fails to articulate that intent sufficiently to persuade us of the fact.

■ The district court in construing the sections of the statute found their beneficent purpose to be that even though the life of a judgment lien is ordinarily ten years, the discharged bankrupt having achieved a discharge of the claim of the judgment as to further personal liability should also be relieved of the possibility of the claim becoming indirectly collectible through the assertion of the lien on real estate acquired subsequent to the bankruptcy petition filing, which could happen if the sale in bankruptcy of the real estate resulted in a defi-

ciency insofar as the amount needed to pay off the lien in full was concerned.

We find persuasive and accordingly adopt the analysis on this matter by the district court judge. In addition to what we regard as the objective correctness of his construction of the statute, we are fortified by the deference given by reviewing courts to a district judge's interpretation of the law of the state where he sits unless clearly wrong or unreasonable, particularly if the highest state court has not passed upon the matter. See the cases collected by Mr. Justice Stevens in *Bishop v. Wood*, —— U.S. ——, 96 S.Ct. 2074, 48 L.Ed.2d 684, 44 U.S.L.W. 4820, 4822 n.10 (1976); *In re Kanter*, 505 F.2d 228, 231 (9th Cir. 1974); *Petersen v. Klos*, 433 F.2d 911, 912 (5th Cir. 1970). We, as the district court, find no persuasive force in an unappealed, unreported order of a Wisconsin circuit court.

For the reasons hereinbefore set out, the judgment of the district court is

AFFIRMED.