**In re Richard A. SPORE, Sandi Spore, Debtors.**

**No. EU11–83–00002.**

United States Bankruptcy Court, W.D. Wisconsin.

June 30, 1989.

Lawrence J. Kaiser, Eau Claire, Wis., for debtors.

Daniel M. Byrnes, Amery, Wis., for James and Lola Woodley.

## MEMORANDUM OPINION, FINDINGS OF FACT AND CONCLUSIONS OF LAW

THOMAS S. UTSCHIG, Bankruptcy Judge.

### PROCEDURAL POSTURE

The debtors by their attorney Lawrence Kaiser have brought a motion for contempt against James and Lola Woodley for intentionally violating 11 U.S.C. § 362(a)(3) by filing an Application for Order of Satisfaction of Judgment Due to Discharge in Bankruptcy (Application) with the Polk County Circuit Court. The Woodleys are represented by their attorney Daniel M. Byrnes. A hearing was held on the debtors' motion for contempt on September 19, 1988, at which time the debtors agreed to dismiss the motion for contempt and, pursuant to the parties' request, the Court agreed to determine the validity and the extent of the debtors' judgment lien on the Woodleys' non-exempt real estate. The Court has jurisdiction because this is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

### ISSUE

The question presented by this case is whether the Order of Satisfaction signed by the Honorable James R. Erickson on August 24, 1988, pursuant to WIS. STAT. 806.19(4), voids the debtors' judgment lien on the Woodleys' non-exempt real estate pursuant to WIS. STAT. 806.21. Because of recent amendments to the statutes in

question, this is a case of first impression. *See infra* p. 483. For the reasons stated below, the Court holds that this Court's Order of Discharge voids the debtors' judgment against the Woodleys pursuant to 11 U.S.C. § 524; and the Circuit Court's Order of Satisfaction, granted pursuant to WIS. STAT. 806.19(4), voids the debtors' lien on the Woodleys' non-exempt real estate pursuant to WIS. STAT. 806.21.

### FACTS

On January 3, 1983, the debtors, Richard and Sandi Spore, filed a petition under Chapter 11 of the Bankruptcy Code. At this time, the debtors had a contract to purchase the Country Dam Supper Club, located in Polk County, Wisconsin, from James E. Woodley and Lola Woodley. On May 9, 1983, the Woodleys obtained relief from the automatic stay to foreclose on the land contract. On April 4, 1983, the debtors sued to rescind the land contract; judgment was entered in their favor against the Woodleys in the amount of $477,969.22 on April 4, 1985. The Woodleys filed a petition under Chapter 11 of the Bankruptcy Code on June 11, 1986, which was converted to a Chapter 7 proceeding on September 14, 1987. The debtors filed a motion to determine the dischargeability of their judgment against the Woodleys and the Court dismissed the action. The Woodleys received a discharge from the Bankruptcy Court on January 21, 1988. On August 23, 1988, the Woodleys filed an Application for Order of Satisfaction of Judgment Due to Discharge in Bankruptcy with the Polk County Circuit Court pursuant to WIS. STAT. 806.19(4). The next day the Honorable James R. Erickson signed an Order of Satisfaction directing the Clerk of the Circuit Court to indicate on the judgment docket that the judgment described in the attached application had been satisfied by discharge in bankruptcy.

### STATUTES

The question before the Court involves two sections of the Wisconsin Statutes:

806.21. Judgment satisfied not a lien; partial satisfaction.

If a judgment is satisfied in whole or in part or as to any judgment debtor and such satisfaction docketed, such judgment shall, to the extent of such satisfaction, cease to be a lien; and any execution thereafter issued shall contain a direction to collect only the residue thereof, or to collect only from the judgment debtors remaining liable thereon.

806.19. Satisfaction of judgments.

\*   \*   \*   \*   \*   \*

4(a) Any person who has secured a discharge in bankruptcy that renders void one or more judgments and any person interested in the real property affected by any such judgments may submit an application for an order of satisfaction of the judgments and an attached order of satisfaction to the clerk of the court in which the judgments rendered void by discharge were entered.

(b) The application and attached order shall be in substantially the following form:

### APPLICATION FOR ORDER OF SATISFACTION OF JUDGMENTS DUE TO DISCHARGE IN BANKRUPTCY

To:  Clerk of Circuit Court _____ County
1. _____ (Name ·of judgment debtor) has received an order of discharge of debts under the bankruptcy laws of the United States, a copy of which is attached, and _____ (Name of judgment debtor or person interested in real property) applies for satisfaction of the following judgments:
_____ (List of judgments by case name, case number, date and, if applicable, docket volume and page number.)
2.a.  Copies of the schedules of debts as filed with the bankruptcy court showing each judgment creditor for each of the judgments described above are attached; or
b.  Each judgment creditor for each of the judgments described above has been duly notified of the bankruptcy case in the following manner: _____ (statement of form of notice).

3. The undersigned believes that each judgment listed above has been completely voided by the discharge in bankruptcy, and no inconsistent ruling has been made by, or is being requested by any party from, the bankruptcy court.

Dated this _____ day of _____, 19_____

_____ (Signature)
Judgment Debtor,
Person Interested
in Real Property
or Attorney for
Debtor or Person

## ORDER OF SATISFACTION

The clerk of circuit court is directed to indicate on the judgment docket that each judgment described in the attached application has been satisfied.

Dated this _____ day of _____, 19_____.

_____ (Signature)
Circuit Judge

(bm) The copy of the order of discharge that is attached to the application shall be either a certified copy or a photocopy of the order in the form in which it was served on parties in interest by the bankruptcy court.

(c) Any person submitting an application and attached proposed order shall serve a copy of the completed application and attached proposed order on each judgment creditor for each of the judgments described in the application within 5 business days after the date of submission.

(d) Upon receipt of a completed application, the clerk shall submit the attached proposed order for signature by a judge after which the clerk shall satisfy of record each judgment described in the application.

## DEBTORS' ARGUMENT

The debtors argue that they still have a valid judgment lien on the non-exempt property of the Woodleys. The debtors reason as follows: "As we have already seen, the discharge alone voids the judicial lien only as to personal liability. Since the Bankruptcy Code does not by itself render void the in rem aspects of a judgment, it must be concluded that the only reasonable construction of order of satisfaction under WIS. STAT. § 806.19(4) is that such order only voids the in personam aspects of such judgment unless some action has been taken under other sections of the Bankruptcy Code to have the judgment lien voided. Debtors' Brief at 5. Therefore "[t]he only just and equitable conclusion at this time is that the judgment lien continues . . ." Debtors' Brief at 6.

The debtors' argument appears reasonable at first but closer inspection reveals intrinsic flaws in its logic and its law. The conclusion does not follow from the argument's premises and the argument's premises do not find support in the law. Accordingly, the Court disagrees with the debtors' argument.

The debtors argue that a discharge in bankruptcy voids a judicial lien as to personal liability. This is not a correct statement of the law. A discharge under section 524 of the Bankruptcy Code does not void a judicial lien in any respect; only sections 506(d), 522(f) or (g), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code can effectively void a judgment lien. The debtors argue that a discharge in bankruptcy does not void the "in rem aspects" of a judgment. This, too, is not a correct statement of the law. A discharge does not fail to void any aspect of a judgment; a discharge in bankruptcy voids all aspects of all judgments to the extent of the debtor's personal liability. 11 U.S.C. § 524(a)(2). The debtors argue that WIS. STAT. 806.-19(4) voids a judgment. Once again, this is not a correct statement of the law. WIS. STAT. 806.19(4) does not void judgments; WIS. STAT. 806.19(4) satisfies judgments.

Even if the debtors' statements of the law were correct, their argument would still fail because their conclusion does not follow from their premises. To summarize, the debtors argue that a discharge does not void the "in rem aspects" of a judgment and WIS. STAT. 806.19(4) voids the "in personam aspects" of a judgment. Therefore, the debtors' lien continues. Supra at

478. The debtors' premises all concern judgments; the debtors' conclusion concerns liens. A "judgment of itself is not a lien upon the property ..." *French Lumbering Company v. Theriault and wife,* 107 Wis. 627, 633, 83 N.W. 927 (1900).[1] A conclusion concerning liens does not follow from premises concerning judgments.

Finally, the debtors argue that WIS. STAT. 806.19(4) does not apply to the debtors' judgment because the judgment has not been completely voided. Debtors' Brief at 5. The debtors reason that if the bankruptcy discharge voids the *"in personam* aspects" of the judgment, the *"in rem* aspects" of the judgment still survive. If the *"in rem* aspects" of a judgment still survive, the judgment is not completely voided. If the judgment is not completely voided, a satisfaction may not be granted pursuant to WIS. STAT. 806.19(4) because WIS. STAT. 806.19(4) requires the applicant to state that the judgment has been completely voided. Implicit in the debtors' argument are two premises: 1) that a judgment has both an *"in rem* aspect" and an *"in personam* aspect"; 2) that in WIS. STAT. 806.19(4)(b) the phrase "completely void" means both the *"in rem* aspect" and

---

**1.** A judgment is the determination of a legal cause of action. WIS.STAT. 806.01. A judgment gives a creditor little more than a legal victory and a new form for his claim against the debtor. "The greatest value of a judgment as a creditors remedy lies in what it allows, which is invocation of the state's coercive force in aid of collection. The state aids the creditor through the process of execution. The modern law of execution is mostly statutory and involves a unified, though hardly uniform, process whereby the state seizes and sells as much of the debtor's non-exempt property as is necessary to satisfy the judgment." Epstein, Landers & Nickles, *"Debtors and Creditors: Cases and Materials"* (West Publishing 1987).

A judgment lien is the "[r]ight to subject land of [a] judgment debtor to satisfaction of judgment." *Black's Law Dictionary* at 758. The immediate consequences of creating a lien of judgment on the debtor's executable real property may be practically insignificant for a creditor. (For parties transacting real estate and companies issuing title insurance an unsatisfied lien is a cloud upon the title, which a discharge in bankruptcy often darkens.) The greatest value of a lien as a creditor's remedy lies in the security it provides for a creditor's judgment. If a creditor causes execution to issue against a debtor, the sheriff can levy on the debtor's property to satisfy the judgment. In that event, the creditor's rights with respect to the land relate back to the time the lien of judgment attached to the property. Consequently, intervening third party claims are subordinated. Epstein, Landers & Nickles at 48.

A short history lesson explains the close relationship that exists in most states between judgments, execution and liens. Under the common law, a judgment could be enforced only through the judicial writ of fieri facias (fi. fa.), which directed the sheriff to satisfy a judgment from the debtor's goods and chattels. "[E]xcept for debts due the king, the lands of the debtor were not liable to the satisfaction of a judgment against him, and consequently no lien thereon was acquired by a judgment. This was in accordance with the policy of the feudal law introduced into England after the Conquest, which did not permit the feudatory to charge, or to be deprived of, his lands for his debts, lest thereby he should be disabled from performing his stipulated military service, and which, moreover, forbid the alienation of a feud without the lord's consent." *Hutcheson v. Grubbs,* 80 Va. 251, 254 (1885).

"As the social and commercial life of the English people changed and became more complex it became necessary to enact a statute giving to the creditor the security by way of lien as known to the modern law. This first finds expression in the statute of Westminister 2, 13 Edw. 1 [1285], commonly known as the statute de mercatoribus." *Beatty v. Cook,* 192 Iowa 542, 544–45, 185 N.W. 360, 361 (1921). This statute required a creditor to choose the method of enforcing the judgment. The choice was between a fi. fa. writ, described above, or a writ of elegit " 'on which the sheriff shall deliver to him all the chattels of the debtor, saving only his oxen, and beasts of the plow, and half of his land, till the debt be levied upon a reasonable price or extent.' " 2 A. Freeman, *A Treatise on the Law of Judgments* § 916 at 1929 (1925). The writ of elegit enabled the judgment creditor "to obtain a term of years in one half of the debtor's lands [a moiety] for a period appraised to be long enough to satisfy the judgment debt from the rents and profits of the land thus 'extended' ". Riesenfeld, *Enforcement of Money Judgments in Early American History,* 71 Mich. L.Rev. 691, 694 (1973). Moreover, in consequence of this writ and in aid of it, a moiety of the debtor's land was deemed bound by a lien that arose upon the rendition of judgment.

Eventually, the fi. fa. writ expanded to permit the seizure and sale of not only the judgment debtor's personalty, but also her real property. The writ of elegit thus fell by the wayside. The notion that a debtor's lands were bound by a judgment lien survived, however; and the lien was broadened so that it spread to all of the debtor's real property that was subject to seizure and sale under a writ of fi. fa. Epstein, Landers & Nickles at 48, 49.

the *"in personam* aspect" of a judgment have been voided. The debtor offers no legal support for either premise. The Court disagrees with both premises.

The terms *in rem* and *in personam* describe actions, not aspects. When used to describe a judgment, *in rem* means a judgment against a thing, a right, or status while *in personam* means a judgment against a person. *Black's Law Dictionary* at 758. The terms *in rem* and *in personam* are mutually exclusive when applied to judgments. Accordingly, the Court finds that a judgment does not consist of an *"in rem* aspect" and an *"in personam* aspect."

WIS. STAT. 806.19(4)(b) describes a distinction between the dischargeable and the nondischargeable portions of a judgment, not the *"in rem"* and *"in personam* aspects" of a judgment. When used in WIS. STAT. 806.19(4)(b) "completely voided by discharge in bankruptcy" means that no part of the judgment has been determined nondischargeable under 11 U.S.C. § 523. In other words, the judgment must be completely dischargeable. In the present case, the debtors' motion to determine the dischargeability of the debt was dismissed by this Court. When the Woodleys filed an Application for Order of Satisfaction of Judgment Due to Discharge in Bankruptcy no part of the judgment had been declared

nondischargeable. Accordingly, the Court finds that WIS. STAT. 806.19(4) does apply to the present case.

### DISCUSSION

Wisconsin law provides both the legal basis and the statutory means to avoid the effect of a pre-petition judgment lien upon a discharged debtor's property. WIS. STAT. 806.21 establishes the effect of a satisfied judgment upon the lien of such judgment whereupon the lien ceases to exist. WIS. STAT. 806.19(4) establishes a procedure by which a debtor discharged in bankruptcy can obtain a satisfaction of the judgment from the court which entered it. Read together, WIS. STAT. 806.21 and WIS. STAT. 806.19(4) provide protection to a discharged debtor from any action in Wisconsin courts based upon the lien of the judgment.

The case law and the legislative history of WIS. STAT. 806.21 and WIS. STAT. 806.19(4) support the Court's analysis. Wisconsin has provided limited means to void liens since 1878 when one could void a lien by entering a satisfaction of the judgment in the docket. *See* S.Ct. Order, 67 Wis.2d 735, eff. Jan. 1, 1976 [2] WIS. STAT. 270.91 (1973) [3]; 1943 WIS. LAWS 355 § 1 [4]; 1935 WIS. LAWS 541 § 184 [5]; WIS. STAT. 270.91 (1925) [6]; 1925 WIS. LAWS 4 [7]; WIS.

**2.** 67 Wis.2d 737 provides:
806.21 Judgment satisfied not a lien; partial satisfaction.
If a judgment is satisfied in whole or in part or as to any judgment debtor and such satisfaction docketed, such judgment shall, to the extent of such satisfaction, cease to be a lien, and any execution thereafter issued shall contain a direction to collect only the residue thereof, or to collect only from the judgment debtors remaining liable thereon.

**3.** WIS.STAT. 270.91 (1973) provides:
Judgment satisfied not a lien; partial satisfaction.
(1) When a judgment shall have been satisfied in whole or in part or as to any judgment debtor and such satisfaction docketed, such judgment shall, to the extent of such satisfaction, cease to be a lien; and any execution thereafter issued shall contain a direction to collect only the residue thereof, or to collect only from the judgment debtors remaining liable thereon.
\*     \*     \*     \*     \*     \*

Cross reference: Sec. 270.79(1) which provides that a discharge in bankruptcy ceases to be a lien upon entry of order of discharge.

**4.** 1943 WIS.LAWS 355 provides:
§ 1. 270.91 of the statutes is renumbered to be 270.91(1).

**5.** 1935 WIS.LAWS 541 provides:
§ 184. 270.91 is amended to read:
270.91. Judgment Satisfied not a lien; partial satisfaction.
When a judgment shall have been satisfied in whole or in part or as to any judgment debtor and such satisfaction \* \* \* docketed \* \* \*, such judgment shall, to the extent of such satisfaction, \* \* \* cease to be a lien; and \* \* \* any execution \* \* \* thereafter issued \* \* \* shall \* \* \* contain a direction to collect only the residue thereof, or to collect only from the judgment debtors remaining liable thereon.

**6.** WIS.STAT. 270.91 (1925) provides:
When a judgment shall have been satisfied in whole or in part or as to any judgment

STAT. 2912 (1898)[8]; WIS. STATS. 2911, 2912 (1898)[9]. Liens have ceased to exist upon the judgment's discharge since 1853. See WIS. STATS. 132, §§ 45, 46 (1858)[10]; 1853 WIS. LAWS 82 §§ 1, 2[11].)

debtor and such satisfaction entered upon the docket, as aforesaid, such judgment shall, to the extent of such satisfaction, be discharged and cease to be a lien; and if any execution shall be thereafter issued thereon it shall be indorsed, with a memorandum of such partial satisfaction and a direction to collect only the residue thereof or to collect only from the judgment debtors remaining liable thereon.

7.  1925 WIS. LAWS 4 provides:
    RENUMBERED 2912 to 270.91.

8.  WIS.STAT. 2911 (1898) provides:
    When a judgment shall have been satisfied in whole or in part or as to any judgment debtor and such satisfaction entered upon the docket, as aforesaid, such judgment shall, to the extent of such satisfaction, be discharged and cease to be a lien; and if any execution shall be thereafter issued thereon it shall be indorsed, with a memorandum of such partial satisfaction and, a direction to collect only the residue thereof, or to collect only from the judgment debtors remaining liable thereon.

9.  WIS.STAT. 2911, 2912 (1898) provide:
    Section 2911.  When a judgment shall have been fully paid and not satisfied, or the instrument of satisfaction shall have been lost, the court in which the same was recovered, may upon satisfactory proof, authorize the attorney of the judgment creditor to satisfy the same, or may by order declare the same satisfied, and direct satisfaction to be entered upon the docket.
    Section 2912.  When a judgment shall have been satisfied, in whole or in part, or as to any judgment debtor, and such satisfaction entered upon the docket, as aforesaid, such judgment shall, to the extent of such satisfaction, be discharged and cease to be a lien; and if any execution shall be thereafter issued thereon, it shall be indorsed, with a memorandum of such partial satisfaction, and a direction to collect only the residue thereof, or to collect only from the judgment debtors remaining liable thereon.

10.  WIS.STATS. 132, §§ 45, 46 (1858) provide:
    Section 45.  In all cases where any defendant shall receive his discharge in writing from any person competent or authorized to execute the same, from the operation of any judgment rendered against him and one or more defendants, in any court of record of this state, on presenting the same to the clerk of the court in which such judgment is docketed, it shall be the duty of the clerk to file the same in his office, with the papers in the case, and to enter or transcribe the same at length in the appearance docket with the other recorded proceedings in the case; and shall also enter the discharge in the margin of the judg-

ment docket, in substance as follows: "This judgment discharged as to [here insert the name of the party discharged]; dated.  Such discharge shall specify whether any part of the judgment, and what amount thereof, is satisfied by such defendant in consideration of his discharge, and only the balance of the judgment so remaining unsatisfied shall thereafter be collected in any execution which has been or shall be issued on such judgment.
    Section 46.  When a judgment shall be discharged, as provided in the first section, the same shall from thence cease to operate as a lien upon the real estate of the defendant thus discharged shall forever be inoperative against him, his goods and chattels, lands and tenements; and in case execution shall issue upon such judgment, it shall be the duty of the clerk of the court, before delivering the same to the proper officer, to indorse thereupon the entry made in the margin of the judgment record, as provided in the preceding section of this chapter.

11.  1853 WIS.LAWS 82 provides:
    An Act relating the discharge of Joint Debtors.
    The people of the State of Wisconsin, represented in Senate and Assembly, do enact as follows:
    Section 1.  In all cases where any defendant shall receive his discharge in writing, from any person competent or authorized to execute the same, from the operation of any judgment rendered against him and one or more defendants, in any court of record of this state, on presenting the same to the clerk of the court, in which such judgment is docketed, it shall be the duty of the clerk to file the same in his office, with the papers in the case, and to enter or transcribe the same at length in the appearance docket with the other recorded proceedings in the case; and shall also enter the discharge in the margin of the judgment docket, in substance as follows:  This judgment discharged, as to (here insert the name of the party discharged): Dated.  Such discharge shall specify whether any part of the judgment and what amount thereof, is satisfied by such defendant in consideration of his discharge, and only the balance of the judgment so remaining unsatisfied, shall thereafter be collected in any execution which has been or shall be issued on such judgment.
    Sec. 2.  When a judgment shall be discharged as provided in the first section, the same shall from thence cease to operate as a lien upon the real estate of the defendant thus discharged, shall forever be inoperative against him, his goods and chattles, lands and tenements; and in case execution shall issue upon such judgment, it shall be the duty of the clerk of the court before delivering the

Wisconsin has provided the means to satisfy a judgment with a discharge in bankruptcy since 1943. *See Wiebke v. Richardson & Sons, Inc.,* 83 Wis.2d 359, 367, 265 N.W.2d 571, 575 (1978) ("Wiebke obviously entered into the stipulation because Richardson could have obtained a court order directing satisfaction of the judgment without the stipulation. Sec. 270.91(2), Stats. 1973, currently sec. 806.19(4), Stats."); *Coraci v. Noack,* 61 Wis.2d 183, 192–193, 212 N.W.2d 164, 168 and 169 (1973) ("Drewry contends that since his judgments were properly docketed, that under sec. 270.-79(1), Stats., these judgments constitute a lien on the real property of the Noacks. While such a lien may be created as a result of sec. 270.79(1), said statute does not grant priority to the judgment creditor over the implied equitable lien of the vendor. Similarly, Drewry's judgment liens may be voided pursuant to sec. 270.91(2), because of the subsequent bankruptcy action on the part of Noack."); *Doughboy Industries, Inc., v. Hipke,* 26 Wis.2d 578, 579, 133 N.W.2d 290, 291 (1965) ("Hipke petitioned the circuit court pursuant to sec. 270.91(2), Stats., for an order declaring Doughboy's and other judgments satisfied by reason of discharge in bankruptcy."); *Zywicke v. Brogli,* 24 Wis.2d 685, 688, 130 N.W.2d 180, 181 (1964) ("When a judgment has been discharged in bankruptcy, the debtor is entitled to a satisfaction of such judgment under sec. 270.91(2), Stats."). *Bastian v. LeRoy,* 20 Wis.2d 470, 473, 122 N.W.2d 386, 388 (1963) ("Shelton, on September 22, 1961, pursuant to sec. 270.91(2), Stats., filed a petition praying that the LeRoy judgment be satisfied. An order satisfying the judgment, was signed but the matter was reopened.") *Aetna Casualty & Surety Company v. Lauerman,* 12 Wis.2d 387, 388–399, 107 N.W.2d 605, 605–606 (1961) ("A special proceeding within an action under sec. 270.91(2), Stats., to have the judgment satisfied pursuant to an adjudication under the Federal Bankruptcy Act in which Joseph Peter Lauerman was adjudged bankrupt ... The circuit court granted the debtor's motion for discharge of the judgment and ordered the judgment satisfied of record."); *Globe Indemnity Co. v. Granskov,* 246 Wis. 87, 88, 16 N.W.2d 437, 438 (1944) ("Petition filed under sec. 270.91(2), Stats., by Elmer Granskov for an order to have judgment entered against him on June 7, 1941, declared satisfied by his discharge in bankruptcy on July 23, 1943, and the satisfaction thereof entered on the court's docket. The judgment provided for the recovery by Howard Grob of $5,000 as compensatory damages, with $300.10 taxed as costs, from Granskov and other defendants, including Globe Indemnity Company. Upon its payment of $3,500 to Grob, he assigned the judgment to that defendant. Thereupon it had an execution under the judgment issued against Granskov, and opposed his petition to have the judgment declared satisfied of record as to him. The court concluded that Granskov was entitled to have the judgment declared satisfied, in so far as he was concerned, and the satisfaction thereof entered on the circuit court's docket.") *See also* 1985 Act 137, § 2, eff. March 26, 1986 [12]; S.Ct. Order 67 Wis.2d 735 eff. Jan. 1, 1976 [13]; 1973 WIS. LAWS. 211 § 2 [14]; 1943 WIS. LAWS

same to the proper officer, to endorse thereupon, the entry made in the margin of the judgment record as provided in the first section.
Approved, April 2, 1853.

**12.** In March, 1986 the Wisconsin Legislature repealed WIS.STAT. 806.19(4) and recreated subsection 4 to read as it does presently.

**13.** 67 Wis.2d 735 provides:
Wis.Stat. 270.91(2) renumbered to 806.19(4).

**14.** 1973 WIS.LAWS 211 provides:
§ 2. 270.91(2) is amended to read:

Upon proper notice, any person who has secured a discharge in bankruptcy may apply to the court where any judgment rendered void by such order of discharge was entered, for an order to satisfy such judgment. If the court finds, that such order of discharge in bankruptcy was duly obtained and that its effect is to render void the judgment sought to be satisfied, it shall declare such judgment to be satisfied and direct satisfaction thereof to be entered on the docket. The entry of such order of satisfaction of judgment shall bar any other action in the courts of this state against such bankruptcy person based upon the judgment so satisfied.

355 § 2 [15]. *See generally* Kenney, *Creditors Rights under the Bankruptcy Act*, 33 Marq.L.Rev. 135, 136 (1950) ("A valuable right given to the bankrupt by the 1943 Session of the Wisconsin Legislature is the compulsory satisfaction of a judgment against the bankrupt if the debt has been scheduled and is discharged in the bankruptcy proceeding."), n. 7 ("WIS. STAT. 270.91(2). This statute is most broad and may be a bow [sic] to a judgment creditor, since by its terms the satisfaction of a judgment may be compelled and thus destroy a lien years old, good as against the trustee, otherwise unavailable by the debtor. (The discharge in bankruptcy does not describe the debts which are discharged.)"

Several courts have discussed the combined effect of WIS. STAT. 270.79(1) and WIS. STAT. 270.91(2), *Cameron v. Law*, 538 F.2d 763 (7th Cir.1976); *In re Tillman Produce Co., Inc.*, 396 F.Supp. 500 (W.D. Wis.1975), or the combined effect of WIS. STAT. 806.15(1) and WIS. STAT. 806.19(4), *In re Asplund*, 21 B.R. 139 (W.D.Wis. 1982), *Coraci v. Noack*, 61 Wis.2d 183, 212 N.W.2d 164 (1973); *State Central Credit Union v. Bigus*, 101 Wis.2d 237, 304 N.W.2d 148 (App.1981). However, in each of the aforementioned cases the court failed to consider WIS. STAT. 806.21 or its predecessor WIS. STAT. 270.91. Therefore, none of the aforementioned cases considered the combined effect of WIS. STAT. 806.21 and WIS. STAT. 806.19(4), the statutes presently before the Court, or their predecessors, WIS. STAT. 270.91(1) and WIS. STAT. 270.91(2). Accordingly, the decisions of the courts in *Cameron v. Law*, *In re Tillman Produce Co., Inc.*, *In re Asplund*, and *State Central Credit Union*

*v. Bigus* do not control the resolution of this matter. However, these cases are noteworthy and they must be discussed.

As stated earlier, Wisconsin has provided debtors discharged in bankruptcy the legal basis and the legal means to avoid liens in state court since 1943. *See supra* p. 481. In 1957, the state legislature amended WIS. STAT. 270.79(1) to read:

Every judgment, when properly docketed, and the docket gives the judgment debtor's place of abode and his work, trade or profession shall, for 10 years from the date of the entry thereof, be a lien on the real property (except the homestead mentioned in s. 272.20) in the county where docketed, of every person against who it is rendered and docketed, which he has at the time of docketing or which he acquires thereafter within said 10 years. A judgment discharged in bankruptcy shall upon entry of the order of discharge cease to be and shall not thereafter become a lien on any real property of the discharged person then owned or thereafter acquired.

1957 WIS. LAWS 572. As the last sentence of WIS. STAT. 270.79(1) was added by request of the Milwaukee County Bar Association, Real Property Committee, *see* Senate Journal of Wisconsin at 397 (1957), it is reasonable to speculate that the legislature wished to decrease the difficulties that discharged debtors face when they attempt to convince potential buyers, mortgagees, or title insurers that they have clear title.

While the Wisconsin Supreme Court commented several times on the means of obtaining a satisfaction in state court upon

---

**15.** 1943 WIS.LAWS 355 provides:

§ 2. 270.91(2) of the statutes is created to read:

270.91(2). Upon proper notice, any person who has secured a discharge in bankruptcy, may apply to the court where such judgment was entered, for an order to satisfy such judgment as may have been duly discharged in bankruptcy and which judgment was duly set forth and included in such schedules of bankruptcy as to the name and address of such judgment holder. If the court is so satisfied that such order of discharge in bankruptcy was duly obtained and that the name and address of such judgment creditor was included in such schedules of bankruptcy then the court shall declare such judgment to be satisfied and direct satisfaction thereof to be entered on the docket. The order of the court shall fully release the real property of any such bankrupt person from the lien of such judgment thereafter. The entry of such order of satisfaction of judgment shall be a bar to any other action against the person securing a discharge in bankruptcy by such judgment creditor.

Approved June 22, 1943.

discharge in bankruptcy, 26 Wis.2d at 579, 133 N.W.2d 290, 24 Wis.2d at 688, 130 N.W.2d 180, 20 Wis.2d at 473, 122 N.W.2d 386, 12 Wis.2d at 388–399, 107 N.W.2d 605, 246 Wis. at 88, 16 N.W.2d 437, the court never discussed the combined effect of either WIS. STAT. 270.91(2) and WIS. STAT. 270.91(1) or WIS. STAT. 270.91(2) and WIS. STAT. 270.79(1) until 1973 when the Wisconsin Supreme Court decided *Coraci v. Noack,* 61 Wis.2d 183, 212 N.W.2d 164. While the *Coraci* court merely decided the rights of an assignee in strict foreclosure, the court had the following to say about the relationship of WIS. STAT. 270.91(2) and WIS. STAT. 270.79(1):

> Drewry contends that since his judgments were properly docketed, that under sec. 270.79(1), Stats., these judgments constitute a lien on the real property of the Noacks. While such a lien may be created as a result of sec. 270.-79(1), said statute does not grant priority to the judgment creditor over the implied equitable lien of the vendor. Similarly, Drewry's judgment liens may be voided pursuant to sec. 270.91(2), because of the subsequent bankruptcy action on the part of Noack.

*Id.* at 192–193, 212 N.W.2d 164.

In 1975 the U.S. District Court for the Western District of Wisconsin construed WIS. STAT. 270.79(1) and WIS. STAT. 270.-91(2) as follows:

> The provisions of § 270.91(2) and of the last sentence of § 270.79(1) can fairly be read to provide protection to a discharged bankrupt from any subsequent action in Wisconsin courts based upon the judgment, and also to provide protection from the judgment lien for any real property acquired by the bankrupt subsequent to his or her discharge in bankruptcy.

*In re Tillman Produce Co., Inc.,* 396 F.Supp. at 502. In 1976, the U.S. Court of Appeals for the Seventh Circuit adopted the analysis of the *Tillman Produce* court and chastised the Wisconsin legislature for its unclear draftsmanship.

> We are uncertain, in the absence of any legislative history, as to exactly what the Wisconsin legislature intended to accomplish by the provisions in question with regard to the extinguishment of judgment liens. If the intent was based upon the belief that the holder of a judgment lien irrespective of long holding is a second class lien claimant not entitled to the protection accorded in bankruptcy to other lien holders, such as mortgagees, then the statute fails to articulate that intent sufficiently to persuade us of the fact.

*Cameron v. Law,* 538 F.2d at 764.

In 1981, the Wisconsin Court of Appeals considered the combined effect of WIS. STAT. 806.15(1) (formerly 270.79(1)) and WIS.STAT. 806.19(4) (formerly 270.91(2)). *State Central Credit Union v. Bigus,* 101 Wis.2d 237, 304 N.W.2d 148 (App.1981). The Court stated:

> To read these sections, as Bigus urges, to mean that upon the entry of a satisfaction order all judgment liens against the bankrupt's property in the proper county, regardless of when they were otained, become void and unenforceable would ignore the statement in sec. 806.-15(1), Stats., that upon the entry of a satisfaction order a judgment cannot "THEREAFTER become a lien." [Emphasis added.] Had Bigus' interpretation been intended, the last sentence of sec. 806.15(1) would probably have read: "All judgment liens are rendered void by the entry of a satisfaction order and cannot be enforced against any real property of the discharged person.
>
> Further, Bigus' interpretation is not true to the language of sec. 806.19(4), Stats., and, in effect, rewrites the last sentence to read: The entry of such order of satisfaction of judgment shall bar any other action in the courts of this state against such bankrupt person or his property based upon the judgment so satisfied. We do not think it proper in this case to so write the statute.
>
> We interpret sec. 806.15(1), Stats., together with sec. 806.19(4) to mean that a judgment lien can be enforced AGAINST THE BANKRUPT'S PROPERTY IF THE JUDGMENT WAS OBTAINED

BEFORE A SATISFACTION ORDER is entered pursuant to sec. 806.19(4). This interpretation fairly protects claimants who took their claims to court before a bankruptcy discharge and obtained judgment liens against property in that county without frustrating the bankruptcy goal of relieving the bankrupt of personal liability for such judgments. This interpretation also resolves the doubt regarding these provisions expressed by the Seventh Circuit in *Cameron.*

*Id.* at 243–244, 304 N.W.2d 148.

While the *Bigus* court may have wished to clarify the intent of the Wisconsin legislature for the Seventh Circuit Court of Appeals, the *Bigus* court's construction of WIS.STAT. 806.15(1) and WIS.STAT. 806.-19(4) only muddied the waters further. *See* Doran, *Bankruptcy and the Wisconsin Judgment Lien,* 57 Wisconsin Bar Bulletin 10 (March 1984). When coupled with WIS.STAT. 806.21, which the Bigus court never analyzed, WIS.STAT. 806.19(4) voids any and all liens still existing after the debtor's discharge in bankruptcy. When coupled with WIS.STAT. 806.15(1), which the Bigus court did analyze, WIS.STAT. 806.19(4) only voids judgments "obtained before a satisfaction order is entered." 101 Wis.2d at 243, 304 N.W.2d 148. After the *Bigus* decision, WIS.STAT. 806.19(4) was decidedly ambiguous.

In 1986, the Wisconsin legislature removed the ambiguity from WIS.STAT. 806.19(4) by removing the last sentence of WIS.STAT. 806.15(1) and recreating WIS.STAT. 806.19(4). 1985 Laws 137. At the present time, WIS.STAT. 806.15(1) provides for the creation of a lien upon the docketing of a judgment; WIS.STAT. 806.19(4) provides for the satisfaction of a judgment by a debtor discharged in bankruptcy; and WIS.STAT. 806.21 provides for the destruction of a lien upon satisfaction. Clearly, no further ambiguity exists for WIS.STAT. 806.19(4).

While no court has discussed the combined effect of WIS.STAT. 806.21 and WIS.STAT. 806.19(4), one court has commented on the combined effect of WIS.STAT. 806.-21 and WIS.STAT. 806.19(3). *See Wolf-*

*Lillie v. Sonquist,* 699 F.2d 864 (7th Cir. 1983). In *Wolf–Lillie,* the Court stated:

In Wisconsin, one of the ways in which a judgment debtor may pay a money judgment is to directly deposit with the clerk of the court in which the judgment was entered the amount of liability. *See* Wis.Stat. § 806.19(3). The court then has the authority, in situations such as this, to direct that a satisfaction be entered upon the docket. Wisconsin Statute § 806.20(1) provides that:

When a judgment has been fully paid but not satisfied or the satisfaction has been lost, the trial court may authorize the attorney of the judgment creditor to satisfy the same or may by order declare the same satisfied and direct satisfaction to be entered upon the docket.

Wis.Stat. § 806.20(1). The effect of this court-ordered satisfaction is that the judgment will cease to be a lien upon the property of the judgment debtor. *See* Wis.Stat. § 806.21.

*Id.* at 873. If the combined effect of WIS.STAT. 806.21 and WIS.STAT. 806.19(3) is the destruction of a lien, the combined effect of WIS.STAT. 806.21 and a satisfaction arising out of WIS.STAT. 806.19(4) must also be the destruction of a lien. Accordingly, the Court concludes that WIS.STAT. 806.21 and WIS.STAT. 806.19(4) provide the legal basis and the legal means for debtors discharged in bankruptcy to void liens surviving bankruptcy.

In the case at bar, the Woodleys received a discharge from the Federal Bankruptcy Court for the Western District of Wisconsin on January 21, 1988, and an Order of Satisfaction on August 23, 1988, from the Polk County Circuit Court for the State of Wisconsin. Accordingly, the Court finds that the Bankruptcy Court's Order of Discharge voided the debtors' judgment pursuant to 11 U.S.C. § 524 and the Circuit Court's Order of Satisfaction, granted pursuant to WIS.STAT. 806.19(4), voided the lien of the debtors' judgment pursuant to WIS.STAT. 806.21.

This decision shall constitute findings of fact and conclusions of law pursuant to

Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.